MORGAN, LEWIS & BOCKIUS LLP
John S. Battenfeld, Bar No. 119513
john.battenfeld@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

MORGAN, LEWIS & BOCKIUS LLP
Theresa Mak, Bar No. 211435
theresa.mak@morganlewis.com
Robin M. Lagorio, Bar No. 284885
robin.lagorio@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendants
AMAZON.COM, INC. and
AMAZON LOGISTICS, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIS KNIPE, an individual, on behalf of herself, on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a corporation; AMAZON LOGISTICS, INC., a corporation; and DOES 1 through 50,<br><br>Defendants. | Case No. **'17CV1889 WQHJMA**<br><br>**DEFENDANTS' NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF CALIFORNIA**<br><br>[28 U.S.C. §§ 1332, 1441, and 1446] |

# **TABLE OF CONTENTS**

I. PROCEDURAL BACKGROUND ..................................................................................... 1

II. REMOVAL IS TIMELY ................................................................................................... 2

III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA ................................................................................................................... 3

    A. The Putative Class Has More than 100 Members ................................................ 3

    B. Diversity of Citizenship Exists. ............................................................................ 4

    C. The Amount in Controversy Exceeds $5,000,000. ............................................... 6

    D. Plaintiff's Fourth Cause of Action for Failure to Provide Accurate Itemized Wage Statements Puts $7,497,300 in Controversy ................................ 8

    E. Plaintiff's Claim for Waiting Time Penalties Puts $3,376,713.60 in Controversy. .......................................................................................................... 9

    F. Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold. ...................................... 10

IV. VENUE ............................................................................................................................ 12

V. NOTICE ........................................................................................................................... 13

VI. CONCLUSION ................................................................................................................ 13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31871943.2

i     DEFENDANTS' NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

## Cases

*Boon v. Allstate Ins. Co.*,
  229 F. Supp. 2d 1016 (C.D. Cal. 2002) ................................................................. 4

*Brady v. Mercedes-Benz USA, Inc.*,
  243 F. Supp. 2d 1004 (N.D. Cal. 2002) ............................................................... 12

*Dart Cherokee Basin Operating Company, LLC v. Owens*,
  135 S. Ct. 547 (2014) ........................................................................................ 6, 7

*Gallegos v. Atria Mgmt. Co., LLC*,
  2016 U.S. Dist. LEXIS 104323 (C.D. Cal. Aug. 4, 2016) .................................... 7

*Giannini v. Northwestern Mut. Life Ins. Co.*,
  2012 U.S. Dist. LEXIS 60143 (N.D. Cal. Apr. 30, 2012) ................................... 12

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) .............................................................................. 11

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010) ................................................................................................ 5

*Ibarra v. Manheim Invs., Inc.*,
  775 F.3d 1193 (9th Cir. 2015) .............................................................................. 7

*In re Quintus Sec. Litig.*,
  148 F. Supp. 2d 967 (N.D. Cal. 2001) ................................................................ 12

*Jordan v. Nationstar Mortg., LLC*,
  781 F.3d 1178 (9th Cir. 2015) .............................................................................. 6

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) ................................................................................ 4

*LaCross v. Knight Transportation Inc.*,
  775 F.3d 1200 (9th Cir. 2015) .............................................................................. 7

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ................................................................................ 4

*Lewis v. Verizon Communs., Inc.*,
  627 F.3d 395 (9th Cir. 2010) ................................................................................ 8

*Long v. Destination Maternity Corp.*,
  2016 WL 1604968 (S.D. Cal. Apr. 21, 2016) .................................................... 11

*Oda, et al. v. Gucci Am., Inc.*,
  2015 U.S. Dist. LEXIS 1672 (C.D. Cal. Jan. 7, 2015) ......................................... 6

*Richardson v. Servicemaster Global Holdings Inc.*,
  2009 U.S. Dist. LEXIS 122219 (N.D. Cal. Dec. 15, 2009) ................................ 12

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31871943.2

ii   DEFENDANTS' NOTICE OF REMOVAL

*Roa v. TS Staffing Servs, Inc.*,
  2015 U.S. Dist. LEXIS 7442 (C.D. Cal. 2015) ..................................................7

*Sanchez v. Russell Sigler, Inc.*,
  2015 WL 12765359 (C.D. Cal. April 28, 2015)..............................................7, 12

*Sasso v. Noble Utah Long Beach, LLC*,
  2015 U.S. Dist. LEXIS 25921 (C.D. Cal. Mar. 3, 2015) ...................................12

*Singer v. State Farm Mut. Auto. Ins. Co.*,
  116 F.3d 373 (9th Cir. 1997) ...............................................................................6

*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013)..............................................................................................6

*United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*,
  602 F.3d 1087 (9th Cir. 2010) .............................................................................4

*Washington v. Hovensa LLC*,
  652 F.3d 340 (3d Cir. 2011) .............................................................................4, 5

**Federal Statutes**

28 U.S.C. § 1332................................................................................................passim

28 U.S.C. § 1332(d)(2) .............................................................................................3, 4

28 U.S.C. § 1332(d)(2)(A) .............................................................................................6

28 U.S.C. § 1332(d)(6) ....................................................................................................6

28 U.S.C. § 1441...................................................................................................1, 3, 12

28 U.S.C. § 1446...................................................................................................1, 2, 3, 13

**State Statutes**

Cal. Bus. & Prof Code §§ 17200, *et seq.* ..................................................................1

Cal. Code of Civ. Proc. § 340..................................................................................4, 9

Cal. Code of Civ. Proc. § 382..................................................................................2, 3

Cal. Lab. Code § 201 ......................................................................................................9

Cal. Lab. Code § 202 ......................................................................................................9

Cal. Lab. Code § 203 ....................................................................................................10

Cal. Lab. Code § 226 ..............................................................................................1, 8, 9

Cal. Lab. Code § 510 ......................................................................................................1

Cal. Lab. Code § 1194 .................................................................................................................. 1

Cal. Lab. Code § 1197 .................................................................................................................. 1

Cal. Lab. Code §§ 1198, *et. seq.* ............................................................................................... 1, 7

Cal. Lab. Code § 2802 .................................................................................................................. 1

**Other Authorities**

Senate Judiciary Report, S. REP. 109-14 (2005) ......................................................................... 6

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31871943.2

iv          DEFENDANTS' NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT**, Defendants Amazon.com, Inc. and Amazon Logistics, Inc. ("Amazon" or "Defendants"), by and through their counsel, remove the above-entitled action to this Court from the Superior Court of the State of California, County of San Diego, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

## I.  PROCEDURAL BACKGROUND

1.  On August 9, 2017, Plaintiff Persis Knipe ("Plaintiff") filed an unverified putative class action complaint against Amazon in San Diego County Superior Court, entitled *Persis Knipe, an inidividual and on behalf of all persons similarly situated v. Amazon.com, Inc., Amazon Logistics, Inc. and Does 1 through 50*, inclusive, Case No. 37-2017-00029426-CU-OE-CTL. Plaintiff seeks damages and penalties for: (1) unfair competition in violation of Cal. Bus. & Prof Code Sections 17200, *et seq.*; (2) failure to pay minimum wage in violation of Cal. Labor Code Sections 1194, 1197, and 1197.1; (3) failure to pay overtime wages in violation of Cal. Labor Code Sections 510, 1194, and 1198, *et. seq.*; (4) failure to provide accurate itemized wage statements in violation of Cal. Labor Code Section 226; and (5) failure to reimburse employees for required expenses in violation of Cal. Labor Code Section 2802.

2.  On August 15, 2017, Plaintiff served copies of the Summons, Complaint, and Civil Case Cover Sheet on the registered agents for Defendants. Copies of these documents are attached hereto as **Exhibit A**. Exhibit A constitutes all of the pleadings, process, and orders served upon Amazon or filed in the Superior Court action.

3.  Plaintiff contends that she was employed by Amazon as a Delivery Drive, but misclassified as an independent contractor. Complaint ¶ 3. Plaintiff

contends that Amazon "has the authority to exercise complete control over the work performed and the manner and means in which the work is performed." Complaint ¶ 7. Amazon disputes these allegations. Amazon denies that it employed Plaintiff or any other member of the putative class.

4. Plaintiff now seeks to represent the following two classes, the California Class:

> as all individuals who worked for DEFENDANT in California as Delivery Drivers and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the CALIFORNIA CLASS PERIOD");

and the California Labor Sub-Class:

> all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as Delivery Drivers and who were classified as Independent Contractors (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.

Complaint, ¶¶ 10, 32.

## II. REMOVAL IS TIMELY

5. Plaintiff served the registered agents for Defendants on August 15, 2017. Because this Notice of Removal is filed within thirty days of service of the Summons and Complaint, it is timely under 28 U.S.C. §§ 1446(b) and 1453. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

///

///

///

### III. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA

6.  Plaintiff brings this action as a putative class action under Cal. Code Civ. Proc. § 382. Complaint, ¶ 28. Removal based on Class Action Fairness Act ("CAFA") diversity jurisdiction is proper pursuant to 28 U.S.C. §§ 1441, 1446, and 1453 because: (1) the amount placed in controversy by the Complaint exceeds, in the aggregate, $5 million, exclusive of interest and costs; (2) the aggregate number of putative class members is 100 or greater; and (3) diversity of citizenship exists between one or more plaintiffs and both defendants. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1453. Amazon denies Plaintiff's factual allegations and denies that Plaintiff, or the class or sub-class she purports to represent, is entitled to the relief requested; however, based on Plaintiff's allegations in the Complaint and prayer for relief, all requirements for jurisdiction under CAFA have been met.[1] Accordingly, diversity of citizenship exists under CAFA and this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2).

#### A. The Putative Class Has More than 100 Members.

7.  Plaintiff asserts claims on behalf of a putative class comprised of:

> . . . all individuals who worked for DEFENDANT in California as Delivery Drivers and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").

Complaint, ¶ 10.

8.  Amazon offers various products for purchase online through its website and mobile application. These products historically have been delivered by

---

[1] Defendants do not concede, and reserve the right to contest at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Defendants do not concede that any of Plaintiff's allegations constitute a cause of action against either of them under applicable California law.

large third-party delivery providers (e.g., Federal Express, UPS and the U.S. Postal Service). Defendant Amazon Logistics, Inc. ("Amazon Logistics") began to supplement the use of large providers by contracting with individuals crowdsourced through a smartphone-application-based program known as Amazon Flex. These individuals contract with Amazon Logistics and are known as Delivery Partners ("DPs"). Declaration of Kyle Bowers ("Bowers Decl."), ¶ 3. Based on Defendants' understanding of the intended scope of Plaintiff's definition, the putative class contains at least 11,262 DPs who have performed delivery services through the Amazon Flex mobile application in California. Declaration of Peter Nickerson ("Nickerson Decl."), ¶¶ 3-4.

### B. Diversity of Citizenship Exists.

9. To satisfy CAFA's diversity requirement, a party seeking removal need only show that minimal diversity exists; that is, one putative class member is a citizen of a state different from that of one defendant. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010) (finding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. § 1332(d)(2)).

10. "An individual is a citizen of the state in which he is domiciled . . . ." *Boon v. Allstate Ins. Co.*, 229 F. Supp. 2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986). Evidence of continuing residence creates a presumption of domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 345 (3d Cir. 2011). According to Amazon Logistics, Inc.'s records, Plaintiff lives in California. Bowers Decl., ¶ 5. Further, Plaintiff admits that she worked in California and is a resident of San

1  Diego County, California.  Complaint, ¶ 42.  The Complaint does not allege any
2  alternate state citizenship.  Therefore, Plaintiff is a citizen of California for diversity
3  jurisdiction purposes.  Moreover, Plaintiff has brought claims on behalf of putative
4  class members residing in California.  Thus, at least one putative class member is a
5  citizen of California for diversity jurisdiction purposes.

6  11.  Pursuant to 28 U.S.C. § 1332, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  The "principal place of business" for the purpose of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings . . . ."  *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  Both Amazon Logistics, Inc. and Amazon.com, Inc. maintain their corporate headquarters in Seattle, Washington, from which corporate activities are directed, controlled and coordinated.  Declaration of Mark Hoffman ("Hoffman Decl."), ¶¶ 3-4.

20  12.  DPs enter into an "Independent Contractor Terms of Service" agreement with Defendant Amazon Logistics, Inc., which is incorporated under the laws of Delaware and has its headquarters in Seattle, Washington.  Hoffman Decl., ¶ 3. Amazon.com, Inc. is also incorporated under the laws of Delaware and has its headquarters in Seattle, Washington.  Hoffman Decl., ¶ 4.  Accordingly, Amazon.com, Inc. and Amazon Logistics, Inc. are citizens of Washington and Delaware for the purpose of determining diversity.  28 U.S.C. § 1332(c)(1).

27  13.  Therefore, based on the Complaint, at least one member of the putative plaintiff class is a citizen of a state different than at least one defendant.  As a result,

diversity jurisdiction exists under CAFA. 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any Defendant").

### C. The Amount in Controversy Exceeds $5,000,000.

14. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Because Plaintiff does not expressly plead a specific amount of damages, a removing party need only show that it is more likely than not that the amount in controversy exceeds $5 million.[2] *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

15. Amazon's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547 (2014). *See also Jordan v. Nationstar Mortg., LLC*, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* for the proposition that there is no anti-removal presumption against CAFA cases). A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 135 S. Ct. at 554. "If a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." Senate Judiciary Report, S. REP. 109-14, at 42 (2005) (citation omitted).

16. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of violations." *Oda, et al. v. Gucci Am., Inc.*, 2015 U.S. Dist. LEXIS 1672, at *12 (C.D. Cal. Jan. 7, 2015); *see Sanchez v.*

---

[2] Plaintiff's boilerplate contention that the amount in controversy for the alleged California class is less than $5 million in damages is properly disregarded. Complaint, ¶ 10. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013).

*Russell Sigler, Inc.*, 2015 WL 12765359, *2 (C.D. Cal. April 28, 2015) ("[A] removing defendant is not obligated to research, state and prove the plaintiff's claims for damages.") (citation omitted). *See also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed: "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable."); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) (in alleging the amount in controversy, defendants "are not stipulating to damages suffered, but only estimating the damages in controversy."). The ultimate inquiry is what amount is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe. *LaCross*, 775 F.3d at 1202 (citation omitted) (explaining that courts are directed "to first look to the complaint in determining the amount in controversy").

17. Under *Dart Cherokee*, a removing defendant is not required to submit evidence in support of its removal allegations. *Roa v. TS Staffing Servs, Inc.*, 2015 U.S. Dist. LEXIS 7442, at *4-5 (C.D. Cal. 2015). However, as detailed below, Amazon has established by a preponderance of the evidence that the amount in controversy exceeds $5 million and that the Court has jurisdiction pursuant to CAFA. *See, e.g., Gallegos v. Atria Mgmt. Co., LLC*, 2016 U.S. Dist. LEXIS 104323, at *4-5 (C.D. Cal. Aug. 4, 2016) (denying remand and holding calculations for the purposes of CAFA removal to be grounded in "reasonable assumptions" where the defendant's Director of Payroll multiplied the number of employees by workweeks and average rates of pay to calculate meal period and rest break claims). As discussed below, when the claims of the putative class members in the present case are aggregated, their claims put into controversy over $5 million in potential damages. 28 U.S.C. § 1332(d)(2).

18. Although Amazon denies Plaintiff's factual allegations and denies that she or the class she seeks to represent are entitled to the relief for which she has

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31871943.2

7   DEFENDANTS' NOTICE OF REMOVAL

prayed, Plaintiff's allegations and prayer for relief have "more likely than not" put into controversy an amount that exceeds the $5 million threshold when aggregating the claims of the putative class members as set forth in 28 U.S.C. § 1332(d)(6).[3]

### D. Plaintiff's Fourth Cause of Action for Failure to Provide Accurate Itemized Wage Statements Puts $7,497,300 in Controversy.

19. The first delivery by a DP in California through the Amazon Flex app program occurred on October 2, 2016. Bowers Decl., ¶ 4. Accordingly, the relevant class period begins October 2, 2016 (the "class period"), regardless of whether a claim has a one year limitations period or a longer period. Based on Plaintiff's class definition, available data was reviewed for 11,262 DPs who provided delivery services in California through the Amazon Flex app. Nickerson Decl., ¶¶ 3-4.

20. Plaintiff contends that Defendants failed "to provide Plaintiff and the other members of the CALIFORNIA CLASS with complete and accurate wage statements" including, "among other things, the correct amount of time worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek." in violation of Labor Code section 226. Complaint ¶ 19. In this regard, Plaintiff alleges that Amazon, as a result of uniform policy, "inaccurately calculates the correct time worked and consequently underpays the actual time worked by PLAINTIFF and other members of the CALIFORNIA

---

[3] This Notice of Removal discusses the nature and amount of damages placed at issue by Plaintiff's Complaint. Defendants' references to specific damage amounts and citation to comparable cases are provided solely for establishing that the amount in controversy is more likely than not in excess of the jurisdictional minimum. Defendants maintain that each of Plaintiff's claims is without merit and that Defendants are not liable to Plaintiff or any putative class member. Defendants expressly deny that Plaintiff or any putative class member is entitled to recover any of the penalties sought in the Complaint. In addition, Defendants deny that liability or damages can be established on a class-wide basis. No statement or reference contained herein shall constitute an admission of liability or a suggestion that Plaintiff will or could actually recover any damages based upon the allegations contained in the Complaint or otherwise. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of [Defendants'] liability." *Lewis v. Verizon Communs., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

1  LABOR SUB-CLASS." Complaint ¶¶ 66-68.  In addition to these alleged
2  violations, Plaintiff also contends that Amazon "fail[ed] to issue PLAINTIFF an
3  itemized wage statement that lists all the requirements under California Labor Code
4  §§ 226 et. seq." *Id.* ¶ 83.  Plaintiff alleges that her claims "are typical of the claims
5  of each member of the CALIFORNIA CLASS."  Complaint ¶ 28(c).  Thus,
6  Plaintiff's theory is that during any week a putative class member was paid by
7  Defendants, a wage statement violation occurred.  Plaintiff alleges that these
8  violations were knowing and intentional and, as a result, seeks to "recover
9  liquidated damages of $50.00 for the initial pay period in which the violation
10 occurred, and $100.00 for each violation in subsequent pay period pursuant to
11 Labor Code § 226, but not more than $4,000.00 for PLAINTIFF and each
12 respective member of the CALIFORNIA LABOR SUB-CLASS herein." *Id.* ¶ 84.

   21.  A wage statement claim has a one-year statute of limitations.  *See*
Code Civ. Proc. § 340.  As Defendants did not launch the Amazon Flex app
program in California until October 2, 2016, all members of the putative class are
included in Plaintiff's claim for wage statement penalties. Between October 2, 2016
and March 28, 2017, putative class members were paid by Amazon Logistics, Inc.
during a total of 80,574 weeks. Nickerson Decl., ¶ 4. No putative class member
received more than 41 checks during this time period.  Nickerson Decl., ¶ 5.
Therefore, under Plaintiff's theory, Plaintiff's claim for wage statement penalties
places $7,497,300 in controversy (11,262 putative class members x $50 penalty for
initial alleged wage statement violation + (69,312 remaining weeks paid x $100
penalty for subsequent alleged wage statement violations) = $7,494,300).

   **E.   Plaintiff's Claim for Waiting Time Penalties Puts $3,376,713.60 in Controversy.**

   22.  Plaintiff seeks waiting time penalties for failure to pay minimum
wages and failure to pay overtime wages, respectively.  Complaint ¶¶ 74, 79.
Plaintiff claims that Defendants "violate[d] Labor Code §§ 201 and/or 202" by

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31871943.2

9    DEFENDANTS' NOTICE OF REMOVAL

failing to pay minimum wage "and therefore these individuals are also be [*sic*] entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR SUB-CLASS Members" Complaint ¶ 74. Plaintiff also claims that "[t]o the extent overtime compensation is determined to be owed to the CALIFORNIA CLASS Members who have terminated their employment, these employees would also be entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein." *Id.* ¶ 79. Plaintiff alleges that she and the "CALIFORNIA LABOR SUBCLASS Members were regularly required to work, and did in fact work, overtime that DEFENDANT never recorded." *Id.* ¶ 76 (emphasis added).

23. There are 754 members of the putative class who stopped participating in the Flex Program as of February 11, 2017. Nickerson Decl., ¶ 6. Based on Plaintiff's allegations, these putative class members who no longer participate in the Flex Program seek up to 30 days of waiting time penalties pursuant to Labor Code section 203. The average hourly rate of pay for each class member is $18.66. Accordingly, Plaintiff's Fifth Cause of Action puts another $3,376,713.60 in controversy (754 putative class members x at least 8 hours per work day x 18.66 per hour x 30 days = $3,376,713.60).

### F. Plaintiff's Other Causes of Action Put Additional Amounts in Controversy, Clearly Exceeding the CAFA Threshold.

24. Plaintiff's alleged amount in controversy just as to the wage statement and waiting time claims is at least $10,874,013.60. Amazon has established this amount based on Plaintiff's own allegations and the evidence presented with this Notice of Removal. However, in addition to this amount, Plaintiff's other causes of action place additional amounts in controversy, thus further exceeding the CAFA threshold.

///

25. Plaintiff contends that Amazon "maintained a uniform wage practice

of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked." Complaint, ¶ 66. Plaintiff contends that she and the putative class members were deprived of minimum wages "as a matter of uniform company policy, practice, and procedure": Amazon "inaccurately calculates the correct time worked and consequently underpays the actual time." *Id.* ¶¶ 68, 72. As such, Plaintiff's second cause of action for failure to pay minimum wages places additional amounts in controversy as to the alleged class.

26.  Plaintiff's third cause of action for failure to pay overtime places further amounts in controversy where Plaintiff "contends it <u>often</u> takes PLAINTIFF and the other Delivery Drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time." *Id.* ¶ 6 (emphasis added). Plaintiff likewise alleges that she and the "CALIFORNIA LABOR SUBCLASS Members were <u>regularly required</u> to work, and did in fact work, overtime that DEFENDANT never recorded." *Id.* ¶ 76 (emphasis added). Thus, Plaintiff's third cause of action places an even greater amount in controversy as to the alleged class.

27.  Plaintiff also seeks damages for failure to reimburse business expenses under her fifth cause of action. *Id.* ¶ 85. Plaintiff claims she and other class members were not reimbursed for use of their personal cell phones, personal vehicles, or costs related to travel. *Id.* ¶¶ 18, 87. Plaintiff's fifth cause of action thus places an even greater amount in controversy as to the alleged class.

28.  Plaintiff also seeks recovery of attorneys' fees. Complaint, Prayer for Relief ¶ 3(C). Attorneys' fees are properly included in determining the amount in controversy here. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007); *Long v. Destination Maternity Corp.*, No. 15CV2836-WQH-RBB, 2016 WL 1604968, at *11 (S.D. Cal. Apr. 21, 2016) (holding that "when a reasonable estimate of attorneys' fees is added to the amount in controversy . . . the

jurisdictional minimum is clearly satisfied"); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002); s*ee also Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 U.S. Dist. LEXIS 25921, at *5-6 (C.D. Cal. Mar. 3, 2015) ("The Court believes that, when authorized by an underlying statute, the better view is to consider post-removal attorneys' fees because they are part of the total 'amount at stake.'") (citations omitted); *Giannini v. Northwestern Mut. Life Ins*. Co., 2012 U.S. Dist. LEXIS 60143, at *4 (N.D. Cal. Apr. 30, 2012) (citing to *Brady* while holding that a reasonable estimate of future attorneys' fees can be used in calculating the amount in controversy); *Richardson v. Servicemaster Global Holdings Inc*., No. C 12-77 CW, 2009 U.S. Dist. LEXIS 122219, at *4 (N.D. Cal. Dec. 15, 2009) (considering attorneys' fees in determining amount in controversy for diversity jurisdiction and citing to *Brady* as basis for same).

29.     Amazon denies Plaintiff's claim for attorneys' fees.  However, for purposes of removal, the Ninth Circuit uses a benchmark rate of twenty-five percent of the potential damages as the amount of attorneys' fees.  *In re Quintus Sec. Litig*., 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (benchmark for attorneys' fees is 25% of the common fund).  Courts therefore include a potential 25% fee award in the CAFA amount in controversy.  *See, e.g., Sanchez*, 2015 WL 12765359, at *7.  Even though Amazon has already demonstrated by a preponderance of the evidence that the amount in controversy exceeds $5,000,000, Amazon notes that the inclusion of attorneys' fees would add at least another $2,718,503.40 to the amount in controversy (25% of $10,874,013.60), bringing the total amount in controversy to at least $13,592,517.

## IV.  VENUE

30.     This action was originally filed in San Diego County Superior Court. Initial venue is therefore proper in this district, pursuant to 28 U.S.C. § 1441(a), because it encompasses the county in which this action has been pending.

## V. NOTICE

31. Amazon will promptly serve this Notice of Removal on all parties and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. § 1446(d).

## VI. CONCLUSION

32. Based on the foregoing, Amazon requests that this action be removed to this Court. If any question arises as to the propriety of the removal of this action, Amazon respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is subject to removal.

Dated: September 14, 2017

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By  */s/ Theresa Mak*
John S. Battenfeld
Theresa Mak
Attorneys for Defendants

AMAZON.COM, INC. and
AMAZON LOGISTICS, INC.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/ 31871943.2

13   DEFENDANTS' NOTICE OF REMOVAL