EXHIBIT A



**NJH / ALL**
**Transmittal Number: 17020188**
**Date Processed: 08/16/2017**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Ms. Lynn Radliff<br>Amazon.Com, Inc.<br>P.O. Box 81226<br>Seattle, WA 98108-1226 |
| **Electronic copy provided to:** | Gianmarco Vairo<br>Joell Parks<br>Karen Curtis<br>Katie Loughnane<br>Jesse Jensen<br>Rochelle Lewis<br>Theresa Nixon<br>Scotty Bauder<br>Dung Phan<br>Tammy Malley-Naslund<br>Maria Catana<br>Elizabeth Hernandez<br>Annamaria Taskai<br>Lizette Fernandez |

| | |
|---|---|
| **Entity:** | Amazon Logistics, Inc.<br>Entity ID Number  3192856 |
| **Entity Served:** | Amazon Logistics, Inc. |
| **Title of Action:** | Persis Knipe vs. Amazon.Com, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Diego County Superior Court, California |
| **Case/Reference No:** | 37-2017-00029426-CU-OE-CTL |
| **Jurisdiction Served:** | Washington |
| **Date Served on CSC:** | 08/15/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Norman B. Blumenthal<br>858-551-1223 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
AMAZON.COM, INC., a Corporation; AMAZON LOGISTICS, INC., a
Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
PERSIS KNIPE, an individual, on behalf of herself, and on behalf of all
persons similarly situated,

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*
>
> **ELECTRONICALLY FILED**
> Superior Court of California,
> County of San Diego
>
> **08/09/2017** at 04:56:33 PM
>
> Clerk of the Superior Court
> By Nidia Reyes, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>Central<br>330 W. Broadway, San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso):* 37-2017-00020426-CU-OE-CTL |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Norman Blumenthal     (Bar # 68687)     Fax No.: (858) 551-1232
Blumenthal, Nordrehaug & Bhowmik     Phone No.: (858) 551-1223
2255 Calle Clara, La Jolla, CA 92037

| DATE:<br>*(Fecha)* 08/11/2017 | Clerk, by<br>*(Secretario)* N. Reyes<br>N Reyes | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AMAZON.COM, INC.

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |
|---|---|---|

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**08/09/2017** at 04:56:33 PM

Clerk of the Superior Court
By Nidia Reyes, Deputy Clerk

1

**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
Norman B. Blumenthal (State Bar #068687)

2
Kyle R. Nordrehaug (State Bar #205975)
Aparajit Bhowmik (State Bar #248066)

3
2255 Calle Clara

4
La Jolla, CA 92037
Telephone: (858)551-1223

5
Facsimile: (858) 551-1232
Website: www.bamlawca.com

6
Attorneys for Plaintiff

7

8

9

10
**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**IN AND FOR THE COUNTY OF SAN DIEGO**

11

12
PERSIS KNIPE, an individual, on behalf of herself, on behalf of all persons similarly situated,

13

Case No. 37-2017-00029426-CU-OE-CTL

14

Plaintiff,

**CLASS ACTION COMPLAINT FOR:**

15
vs.

1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF, CODE §§ 17200, *et seq.*;

16
AMAZON.COM, INC., a Corporation; AMAZON LOGISTICS, INC., a Corporation; and DOES 1 through 50, inclusive,

17

2.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;

18

19
Defendants.

3.  FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 & 1198, *et seq.*;

20

4.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226; and,

21

22

23
5.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.

24

25
**DEMAND FOR A JURY TRIAL**

26

27

28

1

Plaintiff Persis Knipe ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except his own acts and knowledge, the following:

## **INTRODUCTION**

1.    Defendant Amazon.com, Inc. and Amazon Logistics, Inc. (collectively "DEFENDANT") in order to service customers hires workers to aid DEFENDANT in providing delivery services to DEFENDANT's customers.   The cost, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, medicare insurance, unemployment insurance and payments for workers' compensation insurance ("Business Related Expenses").   To avoid the payment of these legally proscribed Business Related Expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other Delivery Drivers.   As employer, DEFENDANT is legally responsible for the payment of all these Business Related Expenses. This lawsuit is brought on behalf of these Delivery Drivers who worked for DEFENDANT in California and were classified as independent contractors, in order to collect the wages due them as employees of DEFENDANT, the cost of the employer's share of payments to the federal and state governments for income taxes, social security taxes, medicare insurance, unemployment insurance and payments for workers' compensation insurance, plus penalties and interest.

## **THE PARTIES**

2.    DEFENDANT is a corporation which, at all relevant times mentioned herein, conducted and continues to conduct substantial and regular business in the State of California.

3.    PLAINTIFF has worked for DEFENDANT as a Delivery Driver since June of 2017 and has been classified by DEFENDANT as an independent contractor during her entire employment with DEFENDANT.

2
COMPLAINT

4.     California Labor Code Section 226.8 provides that "[i]t is unlawful for any person or employer to engage in . . . [w]illful misclassification of an individual as an independent contractor." The penalty for willful misclassification of employees is a "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law." It is further provided that, in the event that an employer is found to have engaged in "a pattern or practice of these violations," the penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law." Cal. Labor Code § 226.8.

5.     Here, DEFENDANT has willfully misclassified PLAINTIFF and other Delivery Drivers as described in Cal. Labor Code § 226.8, and further, that DEFENDANT has engaged in a "pattern or practice" of such violations as contemplated by the California Labor Code.

6.     Upon hire, the position of a Delivery Driver was represented by DEFENDANT to PLAINTIFF and the other Delivery Drivers as an independent contractor position capable of paying a flat rate of pay for certain shifts. PLAINTIFF and other Delivery Drivers are not compensated overtime wages for any of their time spent working in excess of eight (8) hours in a workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek. PLAINTIFF and other Delivery Drivers are paid the hourly rate to perform delivery services on DEFENDANT's behalf. PLAINTIFF and other Delivery Drivers are not compensated any other wages besides the flat rate. However, it often takes PLAINTIFF and the other Delivery Drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time.

7.     To perform their job duties, PLAINTIFF and the other Delivery Drivers perform work subject to the control of DEFENDANT in that DEFENDANT has the authority to exercise complete control over the work performed and the manner and means in which the work is performed. DEFENDANT provides the customers, DEFENDANT provides the instructions regarding where to make deliveries, in what order, and which route to take. PLAINTIFF and other Delivery Drivers can be penalized or terminated for missing scheduled shifts.

DEFENDANT also instructs PLAINTIFF and other Delivery Drivers as to how to conduct themselves with DEFENDANT's customers, what time to make their deliveries, how to scan packages, and how to properly pick up and return packages at DEFENDANT's warehouses.

8.     California Labor Code § 3357 defines "employee" as "every person in the service of an employer under any appointment or contact of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed." In addition to the California Labor Code's presumption that workers are employees, the California Supreme Court has determined the most significant factor to be considered in distinguishing an independent contractor from an employee is whether the *employer or principal has control or the right to control the work both as to the work performed and the manner and means in which the work is performed.* DEFENDANT heavily controls both the work performed and the manner and means in which PLAINTIFF and the other Delivery Drivers perform their work in that:

(a)     PLAINTIFF and other Delivery Drivers are not involved in a distinct business, but instead are provided with instructions as to how to perform their work and the manner and means in which the work is to be performed by means of DEFENDANT's manuals and written instructions;

(b)     PLAINTIFF and other Delivery Drivers are continuously provided with training and supervision, including following DEFENDANT's company documents and receive training from DEFENDANT as to how and in what way to perform the delivery services;

(c)     DEFENDANT sets the requirements as to what policies and procedures all of the Delivery Drivers were to follow, including how and when to deliver DEFENDANT's packages;

(d)     PLAINTIFF and other Delivery Drivers have no opportunity for profit or loss because DEFENDANT only pays these workers based on their scheduled shifts;

(e)     PLAINTIFF and other Delivery Drivers perform delivery services which is part of DEFENDANT's principal business and is closely integrated with and essential to the employer's business of providing on demand delivery services to their customers;

(f)     PLAINTIFF and other Delivery Drivers perform the work themselves and

4

1  do not hire others to perform their work for them;

2        (g)    PLAINTIFF and other Delivery Drivers do not have the authority to make

3  employment-related personnel decisions;

4        (h)    PLAINTIFF and other Delivery Drivers perform their work in a particular

5  order and sequence in accordance with DEFENDANT's company policy; and,

6        (i)    DEFENDANT has the "right" to control every critical aspect of

7  DEFENDANT's daily delivery services operations.

8      9.    As a result, stripped of all the legal fictions and artificial barriers to an honest

9  classification of the relationship between PLAINTIFF and all the other Delivery Drivers on the

10  one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other Delivery Drivers

11  are and were employees of DEFENDANT and not independent contractors of DEFENDANT

12  and should therefore be properly classified as non-exempt, hourly employees.

13      10.    PLAINTIFF brings this Class Action on behalf of herself and a California class,

14  defined as all individuals who worked for DEFENDANT in California as Delivery Drivers and

15  who were classified as independent contractors (the "CALIFORNIA CLASS") at any time

16  during the period beginning four (4) years prior to the filing of this Complaint and ending on

17  the date as determined by the Court (the "CALIFORNIA CLASS PERIOD"). The amount in

18  controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million

19  dollars ($5,000,000.00).

20      11.    As a matter of company policy, practice and procedure, DEFENDANT has

21  unlawfully, unfairly and/or deceptively classified every CALIFORNIA CLASS Member as

22  "independent contractors" in order to unlawfully avoid compliance with all applicable federal

23  and state laws that require payment for all time worked, business expenses, and the employer's

24  share of payroll taxes and mandatory insurance. As a result of the scheme to defraud the federal

25  and state governments and the CALIFORNIA CLASS Members, PLAINTIFF and the

26  CALIFORNIA CLASS Members are underpaid throughout their employment with

27  DEFENDANT. The true names and capacities, whether individual, corporate, associate or

28  otherwise of the Defendants sued here as DOES 1 through 50, inclusive, are presently unknown

1    to PLAINTIFF who therefore sues these Defendants by such fictitious names pursuant to Cal.

2    Civ. Proc. Code § 474.  PLAINTIFF is informed and believes, and based thereon, alleges that

3    each of the Defendants designated herein is legally responsible in some manner for the unlawful

4    acts referred to herein.  PLAINTIFF will seek leave of Court to amend this Complaint to reflect

5    the true names and capacities of the Defendants when they have been ascertained and become

6    known.

7         12.    The agents, servants and/or employees of the Defendants and each of them

8    acting on behalf of the Defendants acted within the course and scope of his, her or its authority

9    as the agent, servant and/or employee of the Defendants, and personally participated in the

10   conduct alleged herein on behalf of the Defendants with respect to the conduct alleged herein.

11   Consequently, the acts of each Defendant are legally attributable to the other Defendants and

12   all Defendants are jointly and severally liable to the PLAINTIFF and the other members of the

13   CLASS, for the loss sustained as a proximate result of the conduct of the Defendants' agents,

14   servants and/or employees.

15

16                                    **THE CONDUCT**

17        13.    The finite set of tasks required of PLAINTIFF and the other CALIFORNIA

18   CLASS Members as defined by DEFENDANT is executed by them through the performance

19   of non-exempt labor.

20        14.    Although PLAINTIFF and the other CALIFORNIA CLASS Members perform

21   non-exempt labor subject to DEFENDANT's complete control over the manner and means of

22   performance, DEFENDANT instituted a blanket classification policy, practice and procedure

23   by which all of these CALIFORNIA CLASS Members are classified as "independent

24   contractors" exempt from compensation for overtime worked, meal breaks and rest breaks, and

25   reimbursement for business related expenses.  By reason of this uniform misclassification, the

26   CALIFORNIA CLASS Members are also required to pay DEFENDANT 's share of payroll

27   taxes and mandatory insurance premiums.  As a result of this uniform misclassification practice,

28   policy and procedure applicable to PLAINTIFF and the other CALIFORNIA CLASS Members

who perform this work for DEFENDANT, DEFENDANT committed acts of unfair competition in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the "UCL"), by engaging in a company-wide policy, practice and procedure which uniformly fails to properly classify PLAINTIFF and the other CALIFORNIA CLASS Members as employees and thereby fails to pay them wages for all time worked, reimbursement of business related expenses, fails to provide them with meal and rest breaks, and fails to reimburse these employees for the employer's share of payroll taxes and mandatory insurance.  The proper classification of these employees is DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT violated the California Labor Code and regulations promulgated thereunder as herein alleged. DEFENDANT does not have in place a policy, practice or procedure that provides meal and/or rest breaks to PLAINTIFF and CALIFORNIA CLASS Members as evidenced by DEFENDANT's business records which contain no record of these breaks.

15.    DEFENDANT, as a matter of law, has the burden of proving that employees are properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT, as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS Members as independent contractors.

16.    PLAINTIFF and all the CALIFORNIA CLASS Members are and were uniformly classified and treated by DEFENDANT as independent contractors at the time of hire and thereafter, DEFENDANT failed to take proper steps to determine whether the PLAINTIFF and the CLASS Members are properly classified under the applicable Industrial Welfare Commission Wage Order and Cal. Lab. Code  §§ 510, *et seq.* as exempt form applicable labor laws.   Since DEFENDANT affirmatively and willfully misclassified PLAINTIFF and CALIFORNIA CLASS Members in compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law.  In addition, DEFENDANT acted deceptively by falsely and fraudulently classifying PLAINTIFF and each CALIFORNIA CLASS Member as independent contractors when DEFENDANT knew or should have known that this classification was false and not based on known facts.  DEFENDANT also acted

deceptively by violating the California labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL.  In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them in accordance with California law.

17.    DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically fails to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment.  Cal. Lab. Code § 2802 expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

18.    In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to use personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones for DEFENDANT's benefit.  In order to work as a Delivery Driver for DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members are required to use DEFENDANT's mobile application and as such it is mandatory to have a cell phone that is compatible with DEFENDANT's mobile application.  As a result, in the course of their employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT. Further, PLAINTIFF and other CALIFORNIA CLASS Members are also not reimbursed or

1   indemnified by DEFENDANT for the cost associated with using their personal vehicles while

2   performing for DEFENDANT.   As a result, in the course of their employment with

3   DEFENDANT PLAINTIFF and other members of the CALIFORNIA CLASS incurred

4   unreimbursed business expenses which include, but are not limited to, costs related to travel all

5   on behalf of and for the benefit of DEFENDANT.

6        19.    From time to time, DEFENDANT also fails to provide PLAINTIFF and the other

7   members of the CALIFORNIA CLASS with complete and accurate wage statements which fail

8   to show, among other things, the correct amount of time worked,  including, work performed

9   in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.  Cal. Lab.

10  Code § 226 provides that every employer shall furnish each of his or her employees with an

11  accurate itemized wage statement in writing showing, among other things, gross wages earned

12  and all applicable hourly rates in effect during the pay period and the corresponding amount of

13  time worked at each hourly rate.  As a result, DEFENDANT provides PLAINTIFF and the other

14  members of the CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code

15  § 226.

16       20.    By reason of this uniform conduct applicable to PLAINTIFF and all the

17  CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition in

18  violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*

19  (the "UCL"), by engaging in a company-wide policy, practice and procedure which fails to

20  correctly classify PLAINTIFF and the CALIFORNIA CLASS Members as employees.  The

21  proper classification of these employees is DEFENDANT's burden.   As a result of

22  DEFENDANT's intentional disregard of the obligation to meet this burden, DEFENDANT

23  failed to pay all required wages for work performed by PLAINTIFF and other CALIFORNIA

24  CLASS Members and violated the California Labor Code and regulations promulgated

25  thereunder as herein alleged.

26       21.    Specifically as to PLAINTIFF, she has worked for DEFENDANT in California

27  as a Delivery Driver and has been classified by DEFENDANT as an independent contractor

28  June of 2017.  Upon hire, the position of a Deliver Driver was represented by DEFENDANT

to PLAINTIFF as an independent contractor position capable of paying an flat rate for scheduled shifts assigned by DEFENDANT.  PLAINTIFF as a Delivery Driver, has been classified by DEFENDANT as an independent contractor and thus does not receive pay for all time worked, including overtime worked and does not receive reimbursement for all necessary business expenses incurred on DEFENDANT's behalf.  During the CALIFORNIA CLASS PERIOD, PLAINTIFF has also been required to perform work as ordered by DEFENDANT for more than five (5) hours during a shift without receiving a meal or rest break as evidenced by daily time reports for PLAINTIFF.  PLAINTIFF therefore forfeits meal and rest breaks without additional compensation and in accordance with DEFENDANT's strict corporate policy and practice which does not provide for mandatory meal and rest breaks from time to time.   The amount in controversy for PLAINTIFF individually does not exceed the sum or value of $75,000.

## THE CALIFORNIA CLASS

22.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq*. (the "UCL") as a Class Action, pursuant to Cal. Code of Civ. Proc. § 382, on behalf of a California class, defined as all individuals who worked for DEFENDANT in California as Delivery Drivers and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court (the "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

23.     To the extent equitable tolling operates to toll claims by the CALIFORNIA CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted accordingly.

24.     All CALIFORNIA CLASS Members who performed and continue to perform this work for DEFENDANT during the CALIFORNIA CLASS PERIOD are similarly situated in

that they are subject to DEFENDANT's uniform policy and systematic practice that requires them to perform work without compensation as required by law.

25.     DEFENDANT, as a matter of corporate, policy, practice and procedure, and in violation of the applicable California Labor Code, Industrial Welfare Commission ("IWC") Wage Order requirements, and the applicable provisions of California law, intentionally, knowingly and willfully engages in a practice whereby DEFENDANT unfairly, unlawfully and deceptively instituted a practice to ensure that all individuals employed as independent contractors are not properly classified as non-exempt employees from the requirements of California Labor Code §§ 510, *et seq.*

26.     During the CALIFORNIA CLASS PERIOD, DEFENDANT uniformly violated the rights of the PLAINTIFF and the CALIFORNIA CLASS Members under California law, without limitation, in the following manners:

(a)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), in that DEFENDANT, while acting as employer, devised and implemented a scheme whereby PLAINTIFF and the CALIFORNIA CLASS Members are forced to unlawfully, unfairly and deceptively shoulder the cost of DEFENDANT's wages for all unpaid wages, business related expenses, and DEFENDANT's share of employment taxes, social security taxes, unemployment insurance and workers' compensation insurance;

(b)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively having in place company policies, practices and procedures that uniformly misclassified PLAINTIFF and the CALIFORNIA CLASS Members as independent contractors;

(c)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), by unlawfully, unfairly and/or deceptively failing to have in place a company policy, practice and procedure that

11
COMPLAINT

accurately determined the amount of working time spent by PLAINTIFF and the CALIFORNIA CLASS Members performing non-exempt employee labor;

(d) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL"), by failing to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with all legally required meal and rest breaks;

(e) Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq.* the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f) Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§ 510, *et seq.*, by failing to pay the correct overtime pay to PLAINTIFF and the members of the CALIFORNIA CLASS who are improperly classified as exempt, and retaining the unpaid overtime to the benefit of DEFENDANT.

27. As a result of DEFENDANT's uniform policies, practices and procedures, there are numerous questions of law and fact common to all CALIFORNIA CLASS Members who worked for during the CALIFORNIA CLASS PERIOD. These questions include, but are not limited, to the following:

(a) Whether PLAINTIFF and other CALIFORNIA CLASS Members are misclassified as independent contractors by DEFENDANT;

(b) Whether the PLAINTIFF and the CALIFORNIA CLASS Members are afforded all the protections of the California Labor Code that apply when properly classified as non-exempt employees;

(c) Whether DEFENDANT's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

(d) Whether DEFENDANT unlawfully fails to pay their share of state and

federal employment taxes as required by state and federal tax laws;

(e)     Whether DEFENDANT's policy, practice and procedure of classifying the CALIFORNIA CLASS Members as independent contractors exempt from hourly wages laws for all time worked and failing to pay the CALIFORNIA CLASS Members all amounts due violates applicable provisions of California State law;

(f)     Whether DEFENDANT unlawfully fails to keep and furnish the CALIFORNIA CLASS Members with accurate records of all time worked;

(g)     Whether DEFENDANT has engaged in unfair competition by the above-listed conduct; and,

(h)     Whether DEFENDANT's conduct was willful.

28.     This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

(a)     The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every CALIFORNIA CLASS Member;

(c)     The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS. PLAINTIFF, like all the CALIFORNIA CLASS Members, was classified as an independent contractor upon hiring based on the defined corporate policies and practices and labors under DEFENDANT's systematic procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS Members. PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices. PLAINTIFF and the CALIFORNIA CLASS Members were and are similarly or identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct engaged

in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS Members that they were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory insurance, and reimbursement for business expenses based on the defined corporate policies and practices, and unfairly failed to pay these employees who were improperly classified as independent contractors; and,

(d)     The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA CLASS, and has retained counsel who is competent and experienced in Class Action litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the CALIFORNIA CLASS Members that would make class certification inappropriate.  Counsel for the CALIFORNIA CLASS will vigorously assert the claims of all employees in the CALIFORNIA CLASS.

29.     In addition to meeting the statutory prerequisites to a Class Action, this Action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA CLASS will create the risk of:

(i)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

(ii)     Adjudication with respect to individual members of the CALIFORNIA CLASS which would as a practical matter be dispositive of the interests of the other members not party to the adjudication or substantially impair or impeded their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA CLASS have acted on grounds generally applicable to the CALIFORNIA CLASS making appropriate class-wide relief with respect to the CALIFORNIA CLASS as a whole in that DEFENDANT uniformly classified and treated the CALIFORNIA CLASS Members as independent contractors and, thereafter, uniformly failed to take proper steps to determine whether the CALIFORNIA CLASS Members

14

COMPLAINT

were properly classified as independent contractors, and thereby denied these employees wages and payments for business expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

(i)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition.

(c)     Common questions of law and fact exist as to members of the CALIFORNIA CLASS with respect to the practices and violations of California and federal law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(i)     The interest of the CALIFORNIA CLASS Members in individually controlling the prosecution or defense of separate actions;

(ii)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

(iii)     In the context of wage litigation because as a practical matter a substantial number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative;

(iv)     The desirability or undesirability of concentration the litigation of the claims in the particular forum;

(v)     The difficulties likely to be encountered in the management of a Class Action; and,

(vi)     The basis of DEFENDANT's policies and practices uniformly applied to all the CALIFORNIA CLASS Members.

30.     The Court should permit this Action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a)     The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b)     A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c)     The CALIFORNIA CLASS Members are so numerous that it is impractical to bring all CALIFORNIA CLASS Members before the Court;

(d)     PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)     There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)     There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA CLASS Members for any injuries sustained;

(g)     DEFENDANT has acted or has refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h)     The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT.   The CALIFORNIA CLASS consists of all DEFENDANT's Delivery Drivers in California classified as independent contractors during the CALIFORNIA CLASS PERIOD and subjected to DEFENDANT's policies, practices and procedures as herein alleged; and,

(i)     Class treatment provides manageable judicial treatment calculated to bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

31.     DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

### THE CALIFORNIA LABOR SUB-CLASS

32.     PLAINTIFF further brings the Second, Third, Fourth and Fifth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as Delivery Drivers and who were classified as Independent Contractors (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Cal. Code of Civ. Proc. § 382.  The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

33.     DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order requirements intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job, systematically classified  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS as independent contractors in order to avoid the payment of all wages, and in order to avoid the obligations under the applicable California Labor Code provisions.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

34.     DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as independent

contractors as a matter of DEFENDANT's corporate policy, practices and procedures. PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

35.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

36.    DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Delivery Drivers as independent contractors making these employees exempt from California labor laws.  All Delivery Drivers, including PLAINTIFF, perform the same finite set of tasks and are paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, fails to correctly pay minimum wage compensation.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

37.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for which DEFENDANT is liable;

(b)    Violating Cal. Lab. Code §§ 510, *et seq*., by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(c)    Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS who are improperly classified as independent contractors with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all

applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee; and,

    (d)   Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

38.   This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Cal. Code of Civ. Proc. § 382, in that:

    (a)   The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

    (b)   Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

    (c)   The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUB-CLASS is improperly classified as an independent contractor and was thus denied minimum wage pay and meal and rest breaks, among other things, as a result of DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California; and,

    (d)   The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action

litigation.  There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

39.     In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382, in that:

(a)     Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)     Adjudication with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to determine whether the CALIFORNIA LABOR SUB-CLASS Members were properly classified

20

COMPLAINT

as independent contractors, and thereby denied these employees the protections afforded to them under the California Labor Code;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)     The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when compared to the substantial expense and burden of individual prosecution of this litigation;

2)     Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A.     Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B.     Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3)     In the context of wage litigation because a substantial number of

21

COMPLAINT

individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Cal. Code of Civ. Proc. § 382.

40. This Court should permit this action to be maintained as a Class Action pursuant to Cal. Code of Civ. Proc. § 382 because:

(a) The questions of law and fact common to the CALIFORNIA LABOR SUB-CLASS predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members;

(b) A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA LABOR SUB-CLASS because in the context of employment litigation a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their rights individually out of fear of retaliation or adverse impact on their employment;

(c) The members of the CALIFORNIA LABOR SUB-CLASS are so numerous that it is impractical to bring all members of the CALIFORNIA LABOR SUB-CLASS before the Court;

(d) PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)   There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA LABOR SUB-CLASS;

(f)   There is a community of interest in ensuring that the combined assets of DEFENDANT are sufficient to adequately compensate the members of the CALIFORNIA LABOR SUB-CLASS for the injuries sustained;

(g)   DEFENDANT has acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, thereby making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who are or previously were employed by DEFENDANT in California as Delivery Drivers and classified as independent contractors during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## **JURISDICTION AND VENUE**

41.   This Court has jurisdiction over this Action pursuant to California Code of Civil Procedure, Section 410.10 and California Business & Professions Code, Section 17203. This Action is brought as a Class Action on behalf PLAINTIFF and on behalf of similarly situated employees of DEFENDANT pursuant to Cal. Code of Civ. Proc. Section 382.

42.   Venue is proper in this Court pursuant to Cal. Code of Civ. Proc. Sections 395 and

395.5, because PLAINTIFF resides in this County and DEFENDANT (i) currently maintains and at all relevant times maintained its principal offices and facilities in this County and/or conducts substantial business in this County, and (ii) committed the wrongful conduct herein alleged in this County against members of the CALIFORNIA CLASS and CALIFORNIA LABOR SUB-CLASS.

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200, *et seq.*]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

43.     PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

44.     DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

45.     Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice.  Section 17200 applies to violations of labor laws in the employment context.  Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

46.     By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to the applicable Industrial Wage Orders, the California Labor Code including Sections 204, 221, 226.7, 226.8, 510, 512, 1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations

§ 11090, for which this Court should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld, business expenses wrongfully withheld and for the payment of the employer's share of income taxes, social security taxes, unemployment insurance and workers' compensation insurance.

47.     By the conduct alleged herein DEFENDANT has obtained valuable property, money, and services from PLAINTIFF, and the other members of the CALIFORNIA CLASS, and has deprived them of valuable rights and benefits guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete. Declaratory and injunctive relief is necessary to prevent and remedy this unfair competition, and pecuniary compensation alone would not afford adequate and complete relief.

48.     All the acts described herein as violations of, among other things, the California Labor Code, California Code of Regulations and the Industrial Welfare Commission Wage Orders, were unlawful, are in violation of public policy, are immoral, unethical, oppressive, and unscrupulous, and are likely to deceive employees, and thereby constitute deceptive, unfair and unlawful business practices in violation of Cal. Bus. and Prof. Code §§ 17200, *et seq.*

49.     By the conduct alleged herein, DEFENDANT's practices are deceptive and fraudulent in that DEFENDANT's uniform policy and practice is to represent to the CALIFORNIA CLASS Members that they are not entitled to overtime and minimum wages, payment for payroll taxes or mandatory insurance and other benefits as required by California law, when in fact these representations are false and likely to deceive and for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus. & Prof. Code § 17203, including restitution of wages wrongfully withheld.

50.     By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF and the other members of the CALIFORNIA CLASS to be underpaid during their employment with DEFENDANT.

51.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to,

and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

52.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

53.     By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures fail to provide all legally required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

54.     Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

55.     PLAINTIFF further demands on behalf of herself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

56.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

57.     All the acts described herein as violations of, among other things, the Industrial

Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

58.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices.

59.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

60.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated. As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

### SECOND CAUSE OF ACTION

### For Failure To Pay Minimum Wages

### [Cal. Lab. Code §§ 1194, 1197 and 1197.1]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS

### and Against All Defendants)

61.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior

1   paragraphs of this Complaint.

2       62.   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

3   bring a claim for DEFENDANT's willful and intentional violations of the California Labor

4   Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to

5   accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS

6   Members.

7       63.   Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and

8   public policy, an employer must timely pay its employees for all hours worked.

9       64.   Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the

10  commission is the minimum wage to be paid to employees, and the payment of a less wage than

11  the minimum so fixed in unlawful.

12      65.   Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages,

13  including minimum wage compensation and interest thereon, together with the costs of suit.

14      66.   DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and

15  the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct

16  amount of time they worked.  As set forth herein, DEFENDANT's uniform policy and practice

17  is to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the

18  other members of the CALIFORNIA LABOR SUB-CLASS.

19      67.   DEFENDANT's uniform pattern of unlawful wage and hour practices manifested,

20  without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS as a whole, as a

21  result of implementing a uniform policy and practice that denied accurate compensation to

22  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to

23  minimum wage pay.

24      68.   In committing these violations of the California Labor Code, DEFENDANT

25  inaccurately calculates the correct time worked and consequently underpays the actual time

26  worked by PLAINTIFF and other members of the CALIFORNIA  LABOR SUB-CLASS.

27  DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other

28  benefits in violation of the California Labor Code, the  Industrial Welfare Commission

1   requirements and other applicable laws and regulations.

2       69.    As a direct result of DEFENDANT's unlawful wage practices as alleged herein,

3   PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive

4   the correct minimum wage compensation for their time worked for DEFENDANT.

5       70.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the

6   other members of the CALIFORNIA LABOR SUB-CLASS are paid less for time worked that

7   they are entitled to, constituting a failure to pay all earned wages.

8       71.    By virtue of DEFENDANT's unlawful failure to accurately pay all earned

9   compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

10  CLASS for the true time they worked, PLAINTIFF and the other members of the

11  CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic

12  injury in amounts which are presently unknown to them and which will be ascertained

13  according to proof at trial.

14      72.    DEFENDANT knew or should have known that PLAINTIFF and the other

15  members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time

16  worked. DEFENDANT systematically elected, either through intentional malfeasance or gross

17  nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members

18  for their labor as a matter of uniform company policy, practice and procedure, and

19  DEFENDANT perpetrated this systematic scheme by refusing to pay PLAINTIFF and the other

20  members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for their time

21  worked.

22      73.    In performing the acts and practices herein alleged in violation of California labor

23  laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

24  all time worked and provide them with the requisite compensation, DEFENDANT acted and

25  continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and the other

26  members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter disregard

27  for their legal rights, or the consequences to them, and with the despicable intent of depriving

28  them of their property and legal rights, and otherwise causing them injury in order to increase

1  company profits at the expense of these employees.

2       74.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

3  therefore request recovery of all unpaid wages, according to proof, interest, statutory costs, as

4  well as the assessment of any statutory penalties against DEFENDANT, in a sum as provided

5  by the California Labor Code and/or other applicable statutes.  To the extent minimum wage

6  compensation is determined to be owed to the CALIFORNIA LABOR SUB-CLASS Members

7  who have terminated their employment, DEFENDANT's conduct also violates Labor Code §§

8  201 and/or 202, and therefore these individuals are also be entitled to waiting time penalties

9  under Cal. Lab. Code § 203, which penalties are sought herein on behalf of these CALIFORNIA

10  LABOR SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful,

11  intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-

12  CLASS Members are entitled to seek and recover statutory costs.

13

14  **THIRD  CAUSE OF ACTION**

15  **For Failure To Pay Overtime Wages**

16  **[Cal. Lab. Code §§ 510, 1194, & 1198]**

17  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

18  **Defendants)**

19       75.    PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate

20  by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

21       76.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed

22  to pay PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages

23  for the time they worked in excess of the maximum hours permissible by law as required by Cal.

24  Lab. Code §§ 510 & 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-

25  CLASS Members were regularly required to work, and did in fact work, overtime that

26  DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed

27  by DEFENDANT's employees.

28       77.    By virtue of DEFENDANT's unlawful failure to pay compensation to

1    PLAINTIFF and the CALIFORNIA CLASS Members for all overtime worked by these

2    employees, PLAINTIFF and CALIFORNIA CLASS Members have suffered, and will continue

3    to suffer, an economic in amounts which are presently unknown to them and which can be

4    ascertained according to proof at trial.

5        78.    DEFENDANT knew or should have known that PLAINTIFF and the

6    CALIFORNIA CLASS Members are misclassified as independent contractors and

7    DEFENDANT's systematically elected, either through intentional malfeasance or gross

8    nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice

9    and procedure.

10       79.    PLAINTIFF and the CALIFORNIA CLASS Members therefore request recovery

11   of all compensation according to proof, interest, costs, as well as the assessment of any statutory

12   penalties against DEFENDANT in a sum as provided by the California Labor Code and/or other

13   statutes.  To the extent overtime compensation is determined to be owed to the CALIFORNIA

14   CLASS Members who have terminated their employment, these employees would also be

15   entitled to waiting time penalties under Cal. Lab. Code § 203, which penalties are sought herein.

16   Further, PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members are entitled to

17   seek and recover statutory costs.

18       80.    In performing the acts and practices herein alleged in violation of California labor

19   laws, and refusing to compensate the members of the CALIFORNIA LABOR SUB-CLASS for

20   all overtime worked and provide them with the requisite overtime compensation, DEFENDANT

21   acted and continues to act intentionally, oppressively, and maliciously toward PLAINTIFF and

22   the other members of the CALIFORNIA LABOR SUB-CLASS with a conscious of and utter

23   disregard for their legal rights, or the consequences to them, and with the despicable intent of

24   depriving them of their property and legal rights, and otherwise causing them injury in order to

25   increase corporate profits at the expense of these employees.

26   ///

27   ///

28   ///

## FOURTH CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

81.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein,  the prior of this Complaint.

82.     Cal. Labor Code § 226 provides that an employer must furnish employees with an "accurate itemized statement in writing showing:

(1) gross wages earned,

(2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

83.     From time to time, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed and continues to fail to properly and accurately itemize the amount of time worked by PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS at the effective rates of pay.  DEFENDANT also violated Labor Code Section 226 in that DEFENDANT fails to properly and accurately itemize the amount of penalties paid to PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members when they miss their meal and rest breaks.  Aside from the violations listed above in this paragraph, DEFENDANT fails to issue PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code §226 *et. seq.*

84.     DEFENDANT knowingly and intentionally fails to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to, costs expended calculating the true amount of time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities.  These damages are difficult to estimate.  Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

## FIFTH CAUSE OF ACTION

### For Failure to Reimburse Employees for Required Expenses

### [Cal. Lab. Code § 2802]

### (By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)

85.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

86.     Cal. Lab. Code § 2802 provides, in relevant part, that:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

87.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit.  Specifically, DEFENDANT fails to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are not limited to, the cost associated with the use of their personal cellular phones for DEFENDANT's benefit.  In order to work as a Deliver Driver for DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members are required to use DEFENDANT's mobile application and as such it is mandatory to have a cell phone that is compatible with DEFENDANT's mobile application.  As a result, in the course of their employment with DEFENDANT, PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which include, but are not limited to, the costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.  Further, PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or indemnified by DEFENDANT for the cost associated with using their personal vehicles while making deliveries for DEFENDANT.  As a result, in the course of their employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are not limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT.  These expenses are necessary to complete their principal job duties.  DEFENDANT is estopped   by DEFENDANT's conduct to assert any waiver of this expectation.  Although these expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses as an employer is required to do under the laws and regulations of California.

88.     PLAINTIFF therefore demands reimbursement for expenditures or losses incurred

1   by them and the CALIFORNIA LABOR SUB-CLASS members in the discharge of their job

2   duties for DEFENDANT, or their obedience to the directions of DEFENDANT, with interest

3   at the statutory rate and costs under Cal. Lab. Code § 2802.

**PRAYER FOR RELIEF**

5        WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and

6   severally, as follows:

7   1.    On behalf of the CALIFORNIA CLASS:

8       A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA

9             CLASS as a class action pursuant to Cal. Code of Civ. Proc. § 382;

10      B)    An order temporarily, preliminarily and permanently enjoining and restraining

11            DEFENDANT from engaging in similar unlawful conduct as set forth herein;

12      C)    An order requiring DEFENDANT to pay minimum wages and all sums unlawfuly

13            withheld from compensation due to PLAINTIFF and the other members of the

14            CALIFORNIA CLASS; and,

15      D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid fund

16            for restitution of the sums incidental to DEFENDANT's violations due to

17            PLAINTIFF and to the other members of the CALIFORNIA CLASS.

18  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

19      A)    That the Court certify the Second, Third, Fourth and Fifth Causes of Action

20            asserted by the CALIFORNIA LABOR SUB-CLASS as a class action pursuant

21            to Cal. Code of Civ. Proc. § 382;

22      B)    Compensatory damages, according to proof at trial, including compensation due

23            PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS,

24            during the applicable CALIFORNIA LABOR SUB-CLASS PERIOD plus

25            interest thereon at the statutory rate;

26      C)    The wages of all terminated individuals in the CALIFORNIA LABOR

27            SUB-CLASS as a penalty from the due date thereof at the same rate until paid or

28            until an action therefore is commenced, in accordance with Cal. Lab. Code § 203;

D)    The greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per each member of the CALIFORNIA LABOR SUB-CLASS for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and an award of costs for violation of Cal. Lab. Code § 226; and,

E)    The amount of the expenses PLAINTIFF and each member of the CALIFORNIA LABOR SUBCLASS incurred in the course of their job duties, plus interest, and costs of suit.

3.    On all claims:

A)    An award of interest, including prejudgment interest at the legal rate;

B)    Such other and further relief as the Court deems just and equitable; and,

C)    An award of penalties, attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code §218.5, §226 and/or §1194, and/or §2802.

Dated:   August 9, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP


By:   */s/ Norman Blumenthal*
Norman B. Blumenthal
Attorneys for Plaintiff

1

## **DEMAND FOR JURY TRIAL**

2

PLAINTIFF demands a jury trial on issues triable to a jury.

3

4      Dated: August 9, 2017                    BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

5

6                                              By:   */s/ Norman Blumenthal*

7                                                   Norman B. Blumenthal
                                                    Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Norman Blumenthal    (Bar # 68687)<br>Kyle Nordrehaug    (Bar #205975)<br>Blumenthal, Nordrehaug & Bhowmik<br>2255 Calle Clara, La Jolla, CA 92037<br>TELEPHONE NO: (858) 551-1223          FAX NO: (858) 551-1232<br>ATTORNEY FOR *(Name)*: Plaintiff Persis Knipe | FOR COURT USE ONLY<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br><br>**08/09/2017** at 04:58:33 PM<br>Clerk of the Superior Court<br>By Nidia Reyes,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: 330 W. Broadway
CITY AND ZIP CODE: San Diego 92101
BRANCH NAME: Central

CASE NAME:
  PERSIS KNIPE V. AMAZON.COM, INC.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>37-2017-00029426-CU-OE-CTL |
|---|---|---|
| [X] **Unlimited**   [ ] **Limited**<br>(Amount        (Amount<br>demanded       demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] **Counter**  [ ] **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:   Judge Judith F. Hayes |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [X] is [ ] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties        d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence            f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary   b. [X] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify)*: FIVE (5)
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 9, 2017

Norman Blumenthal                                    ▶ /s/ Norman Blumenthal
(TYPE OR PRINT NAME)                                  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

*LexisNexis® Automated California Judicial Council Forms*