**BLUMENTHAL, NORDREHAUG & BHOWMIK LLP**
  Norman B. Blumenthal (State Bar #068687)
  Kyle R. Nordrehaug (State Bar #205975)
  Aparajit Bhowmik (State Bar #248066)
2255 Calle Clara
La Jolla, CA 92037
Telephone: (858)551-1223
Facsimile: (858) 551-1232
Website: www.bamlawca.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIS KNIPE, an individual, on behalf of herself, on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>AMAZON.COM, INC., a Corporation; AMAZON LOGISTICS, INC., a Corporation; and DOES 1 through 50, inclusive,<br><br>        Defendants. | Case No. **3:17-cv-01889-WQH-JMA**<br><br>__FIRST AMENDED CLASS__<br>__ACTION COMPLAINT FOR:__<br><br>1.  UNFAIR COMPETITION IN VIOLATION OF CAL. BUS. & PROF, CODE §§ 17200, *et seq*.;<br><br>2.  FAILURE TO PAY MINIMUM WAGES IN VIOLATION OF CAL. LAB. CODE §§ 1194, 1197 & 1197.1;<br><br>3.  FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF CAL. LAB. CODE §§ 510, 1194 & 1198, *et seq*.;<br><br>4.  FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS IN VIOLATION OF CAL. LAB. CODE § 226;<br><br>5.  FAILURE TO REIMBURSE EMPLOYEES FOR REQUIRED EXPENSES IN VIOLATION OF CAL. LAB. CODE § 2802.;and,<br><br>6.  VIOLATION OF THE PRIVATE ATTORNEYS GENERAL ACT [LABOR CODE §§ 2698, *et seq*.].<br><br>**DEMAND FOR A JURY TRIAL** |

1

Plaintiff Persis Knipe ("PLAINTIFF"), an individual, on behalf of herself and all other similarly situated current and former employees, alleges on information and belief, except his own acts and knowledge, the following:

## **INTRODUCTION**

1.      Defendant Amazon.com, Inc. and Amazon Logistics, Inc. (collectively "DEFENDANT") in order to service customers hires workers to aid DEFENDANT in providing delivery services to DEFENDANT's customers.  The cost, as proscribed by law, of the personnel hired to work for DEFENDANT, includes not only the pay of these employees but the cost of the employer's share of tax payments to the federal and state governments for income taxes, social security taxes, medicare insurance, unemployment insurance and payments for workers' compensation insurance ("Business Related Expenses").  To avoid the payment of these legally proscribed Business Related Expenses to the fullest extent possible, DEFENDANT devised a scheme to place the responsibility for the payment of these costs and expenses of DEFENDANT on the shoulders of PLAINTIFF and other Delivery Drivers.  As employer, DEFENDANT is legally responsible for the payment of all these Business Related Expenses.  This lawsuit is brought on behalf of these Delivery Drivers who worked for DEFENDANT in California and were classified as independent contractors, in order to collect the wages due them as employees of DEFENDANT, the cost of the employer's share of payments to the federal and state governments for income taxes, social security taxes, medicare insurance, unemployment insurance and payments for workers' compensation insurance, plus penalties and interest.

## **THE PARTIES**

2.      DEFENDANT is a corporation which, at all relevant times mentioned herein, conducted and continues to conduct substantial and regular business in the State of California.

3.      PLAINTIFF has worked for DEFENDANT as a Delivery Driver since June of 2017 and has been classified by DEFENDANT as an independent contractor during her entire employment with DEFENDANT.

4.      California Labor Code Section 226.8 provides that "[i]t is unlawful for any person or employer to engage in . . . [w]illful misclassification of an individual as an independent contractor."  The penalty for willful misclassification of employees is a "civil penalty of not less than five thousand dollars ($5,000) and not more than fifteen thousand dollars ($15,000) for each violation, in addition to any other penalties or fines permitted by law."  It is further provided that, in the event that an employer is found to have engaged in "a pattern or practice of these violations," the penalties increase to "not less than ten thousand dollars ($10,000) and not more than twenty-five thousand dollars ($25,000) for each violation, in addition to any other penalties or fines permitted by law." Cal. Labor Code § 226.8.

5.      Here, DEFENDANT has willfully misclassified PLAINTIFF and other Delivery Drivers as described in Cal. Labor Code § 226.8, and further, that DEFENDANT has engaged in a "pattern or practice" of such violations as contemplated by the California Labor Code.

6.      Upon hire, the position of a Delivery Driver was represented by DEFENDANT to PLAINTIFF and the other Delivery Drivers as an independent contractor position capable of paying a flat rate of pay for certain shifts.  PLAINTIFF and other Delivery Drivers are not compensated overtime wages for any of their time spent working in excess of eight (8) hours in a workday, twelve (12) hours in a workday, and/or forty (40) hours in a workweek.  PLAINTIFF and other Delivery Drivers are paid the hourly rate to perform delivery services on DEFENDANT's behalf. PLAINTIFF and other Delivery Drivers are not compensated any other wages besides the flat rate. However, it often takes PLAINTIFF and the other Delivery Drivers more time to complete their deliveries than their scheduled shifts, but drivers do not receive additional compensation for this extra time.

7.     To perform their job duties, PLAINTIFF and the other Delivery Drivers perform work subject to the control of DEFENDANT in that DEFENDANT has the authority to exercise complete control over the work performed and the manner and means in which the work is performed.   DEFENDANT provides the customers, DEFENDANT provides the instructions regarding where to make deliveries, in what order, and which route to take.  PLAINTIFF and other Delivery Drivers can be penalized or terminated for missing scheduled shifts.  DEFENDANT also instructs PLAINTIFF and other Delivery Drivers as to how to conduct themselves with DEFENDANT's customers, what time to make their deliveries, how to scan packages, and how to properly pick up and return packages at DEFENDANT's warehouses.          i. California Labor Code § 3357 defines "employee" as "every person in the service of an employer under any appointment or contact of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed." In addition to the California Labor Code's presumption that workers are employees, the California Supreme Court has determined the most significant factor to be considered in distinguishing an independent contractor from an employee is whether the *employer or principal has control or the right to control the work both as to the work performed and the manner and means in which the work is performed*.  DEFENDANT heavily controls both the work performed and the manner and means in which PLAINTIFF and the other Delivery Drivers perform their work in that:

(a)     PLAINTIFF and other Delivery Drivers are not involved in a distinct business, but instead are provided with instructions as to how to perform their work and the manner and means in which the work is to be performed by means of DEFENDANT's manuals and written instructions;

(b)     PLAINTIFF and other Delivery Drivers are continuously provided with training and supervision, including following DEFENDANT's company documents and receive training from DEFENDANT as to how and in what way to perform the delivery services;

(c)    DEFENDANT sets the requirements as to what policies and procedures all of the Delivery Drivers were to follow, including how and when to deliver DEFENDANT's packages;

(d)    PLAINTIFF and other Delivery Drivers have no opportunity for profit or loss because DEFENDANT only pays these workers based on their scheduled shifts;

(e)    PLAINTIFF and other Delivery Drivers perform delivery services which is part of DEFENDANT's principal business and is closely integrated with and essential to the employer's business of providing on demand delivery services to their customers;

(f)    PLAINTIFF and other Delivery Drivers perform the work themselves and do not hire others to perform their work for them;

(g)    PLAINTIFF and other Delivery Drivers do not have the authority to make employment-related personnel decisions;

(h)    PLAINTIFF and other Delivery Drivers perform their work in a particular order and sequence in accordance with DEFENDANT's company policy; and,

(i)    DEFENDANT has the "right" to control every critical aspect of DEFENDANT's daily delivery services operations.

8.     As a result, stripped of all the legal fictions and artificial barriers to an honest classification of the relationship between PLAINTIFF and all the other Delivery Drivers on the one hand, and DEFENDANT on the other hand, PLAINTIFF and all the other Delivery Drivers are and were employees of DEFENDANT and not independent contractors of DEFENDANT and should therefore be properly classified as non-exempt, hourly employees.

9.     PLAINTIFF brings this Class Action on behalf of herself and a California class, defined as all individuals who worked for DEFENDANT in California as Delivery Drivers and who were classified as independent contractors (the "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior to the filing of this

1  Complaint and ending on the date as determined by the Court (the "CALIFORNIA

2  CLASS PERIOD").   The amount in controversy for the aggregate claim of

3  CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

4       10.    As a matter of company policy, practice and procedure, DEFENDANT has

5  unlawfully, unfairly and/or deceptively classified every CALIFORNIA CLASS Member

6  as "independent contractors" in order to unlawfully avoid compliance with all applicable

7  federal and state laws that require payment for all time worked, business expenses, and

8  the employer's share of payroll taxes and mandatory insurance.  As a result of the scheme

9  to defraud the federal and state governments and the CALIFORNIA CLASS Members,

10 PLAINTIFF and the CALIFORNIA CLASS Members are underpaid throughout their

11 employment with DEFENDANT.  The true names and capacities, whether individual,

12 corporate, associate or otherwise of the Defendants sued here as DOES 1 through 50,

13 inclusive, are presently unknown to PLAINTIFF who therefore sues these Defendants

14 by such fictitious names pursuant to  Fed. R. Civ. Proc. 17.  PLAINTIFF is informed and

15 believes, and based thereon, alleges that each of the Defendants designated herein is

16 legally responsible in some manner for the unlawful acts referred to herein.  PLAINTIFF

17 will seek leave of Court to amend this Complaint to reflect the true names and capacities

18 of the Defendants when they have been ascertained and become known.

19      11.    The agents, servants and/or employees of the Defendants and each of them

20 acting on behalf of the Defendants acted within the course and scope of his, her or its

21 authority as the agent, servant and/or employee of the Defendants, and personally

22 participated in the conduct alleged herein on behalf of the Defendants with respect to the

23 conduct alleged herein.  Consequently, the acts of each Defendant are legally attributable

24 to the other Defendants and all Defendants are jointly and severally liable to the

25 PLAINTIFF and the other members of the CLASS, for the loss sustained as a proximate

26 result of the conduct of the Defendants' agents, servants and/or employees.

27

28

1

## THE CONDUCT

2        12.    The finite set of tasks required of PLAINTIFF and the other CALIFORNIA

3   CLASS Members as defined by DEFENDANT is executed by them through the

4   performance of non-exempt labor.

5        13.    Although PLAINTIFF and the other CALIFORNIA CLASS Members

6   perform non-exempt labor subject to DEFENDANT's complete control over the manner

7   and means of performance, DEFENDANT instituted a blanket classification policy,

8   practice and procedure by which all of these CALIFORNIA CLASS Members are

9   classified as "independent contractors" exempt from compensation for overtime worked,

10  meal breaks and rest breaks, and  reimbursement for business related expenses.  By

11  reason of this uniform misclassification, the CALIFORNIA CLASS Members are also

12  required to pay DEFENDANT 's share of payroll taxes and mandatory insurance

13  premiums.  As a result of this uniform misclassification practice, policy and procedure

14  applicable to PLAINTIFF and the other CALIFORNIA CLASS Members who perform

15  this work for DEFENDANT, DEFENDANT committed acts of unfair competition in

16  violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200,

17  *et seq*. (the "UCL"), by engaging in a company-wide policy, practice and procedure

18  which uniformly fails to properly classify PLAINTIFF and the other CALIFORNIA

19  CLASS Members as employees and thereby fails to pay them wages for all time worked,

20  reimbursement of business related expenses, fails to provide them with meal and rest

21  breaks, and fails to reimburse these employees for the employer's share of payroll taxes

22  and  mandatory  insurance.    The  proper  classification  of  these  employees  is

23  DEFENDANT's burden.  As a result of DEFENDANT's intentional disregard of the

24  obligation to meet this burden, DEFENDANT violated the California Labor Code and

25  regulations promulgated thereunder as herein alleged.  DEFENDANT does not have in

26  place a policy, practice or procedure that provides meal and/or rest breaks to PLAINTIFF

27  and CALIFORNIA CLASS Members as evidenced by DEFENDANT's business records

28  which contain no record of these breaks.



14.     DEFENDANT, as a matter of law, has the burden of proving that employees are properly classified and that DEFENDANT otherwise complies with applicable laws. DEFENDANT, as a matter of corporate policy, erroneously and unilaterally classified all the CALIFORNIA CLASS Members as independent contractors.

15.     PLAINTIFF and all the CALIFORNIA CLASS Members are and were uniformly classified and treated by DEFENDANT as independent contractors at the time of hire and thereafter, DEFENDANT failed to take proper steps to determine whether the PLAINTIFF and the CLASS Members are properly classified under the applicable Industrial Welfare Commission Wage Order and Cal. Lab. Code §§ 510, *et seq.* as exempt form applicable labor laws.  Since DEFENDANT affirmatively and willfully misclassified PLAINTIFF and CALIFORNIA CLASS Members in compliance with California labor laws, DEFENDANT's practices violated and continue to violate California law.  In addition, DEFENDANT acted deceptively by falsely and fraudulently classifying PLAINTIFF and each CALIFORNIA CLASS Member as independent contractors when DEFENDANT knew or should have known that this classification was false and not based on known facts.  DEFENDANT also acted deceptively by violating the California labor laws, and as a result of this policy and practice, DEFENDANT also violated the UCL.  In doing so, DEFENDANT cheated the competition by paying the CALIFORNIA CLASS less than the amount competitors paid who complied with the law and cheated the CALIFORNIA CLASS by not paying them in accordance with California law.

16.     DEFENDANT as a matter of corporate policy, practice and procedure, intentionally, knowingly and systematically fails to reimburse and indemnify PLAINTIFF and the other CALIFORNIA CLASS Members for required business expenses incurred by PLAINTIFF and other CALIFORNIA CLASS Members in direct consequence of discharging their duties on behalf of DEFENDANT.  Under California Labor Code Section 2802, employers are required to indemnify employees for all expenses incurred in the course and scope of their employment. Cal. Lab. Code § 2802

expressly states that "an employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful."

17.     In the course of their employment PLAINTIFF and other CALIFORNIA CLASS Members as a business expense, are required by DEFENDANT to use personal cellular phones as a result of and in furtherance of their job duties as employees for DEFENDANT but are not reimbursed or indemnified by DEFENDANT for the cost associated with the use of the personal cellular phones for DEFENDANT's benefit.  In order to work as a Delivery Driver for DEFENDANT, PLAINTIFF and other CALIFORNIA CLASS Members are required to use DEFENDANT's mobile application and as such it is mandatory to have a cell phone that is compatible with DEFENDANT's mobile application.  As a result, in the course of their employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are not limited to, costs related to the use of their personal cellular phones all on behalf of and for the benefit of DEFENDANT.  Further, PLAINTIFF and other CALIFORNIA CLASS Members are also not reimbursed or indemnified by DEFENDANT for the cost associated with using their personal vehicles while performing for DEFENDANT.  As a result, in the course of their employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA CLASS incurred unreimbursed business expenses which include, but are not limited to, costs related to travel all on behalf of and for the benefit of DEFENDANT.

18.     From time to time, DEFENDANT also fails to provide PLAINTIFF and the other members of the CALIFORNIA CLASS with complete and accurate wage statements which fail to show, among other things, the correct amount of time worked, including, work performed in excess of eight (8) hours in a workday and/or forty (40) hours in any workweek.  Cal. Lab. Code § 226 provides that every employer shall

1   furnish each of his or her employees with an accurate itemized wage statement in writing

2   showing, among other things, gross wages earned and all applicable hourly rates in effect

3   during the pay period and the corresponding amount of time worked at each hourly rate.

4   As a result, DEFENDANT provides PLAINTIFF and the other members of the

5   CALIFORNIA CLASS with wage statements which violated Cal. Lab. Code § 226.

6        19.   By reason of this uniform conduct applicable to PLAINTIFF and all the

7   CALIFORNIA CLASS Members, DEFENDANT committed acts of unfair competition

8   in violation of the California Unfair Competition law, Cal. Bus. & Prof. Code §§ 17200,

9   *et seq*. (the "UCL"), by engaging in a company-wide policy, practice and procedure

10   which fails to correctly classify PLAINTIFF and the CALIFORNIA CLASS Members

11   as employees.  The proper classification of these employees is DEFENDANT's burden.

12   As a result of DEFENDANT's intentional disregard of the obligation to meet this burden,

13   DEFENDANT failed to pay all required wages for work performed by PLAINTIFF and

14   other CALIFORNIA CLASS Members and violated the California Labor Code and

15   regulations promulgated thereunder as herein alleged.

16        20.   Specifically as to PLAINTIFF, she has worked for DEFENDANT in

17   California as a Delivery Driver and has been classified by DEFENDANT as an

18   independent contractor June of 2017.  Upon hire, the position of a Deliver Driver was

19   represented by DEFENDANT to PLAINTIFF as an independent contractor position

20   capable of paying an flat rate for scheduled shifts assigned by DEFENDANT.

21   PLAINTIFF as a Delivery Driver, has been classified by DEFENDANT as an

22   independent contractor and thus does not receive pay for all time worked, including

23   overtime worked and does not receive reimbursement for all necessary business expenses

24   incurred on DEFENDANT's behalf.  During the CALIFORNIA CLASS PERIOD,

25   PLAINTIFF has also been required to perform work as ordered by DEFENDANT for

26   more than five (5) hours during a shift without receiving a meal or rest break as

27   evidenced by daily time reports for PLAINTIFF.  PLAINTIFF therefore forfeits meal

28   and rest breaks without additional compensation and in accordance with DEFENDANT's

1  strict corporate policy and practice which does not provide for mandatory meal and rest

2  breaks from time to time.  The amount in controversy for PLAINTIFF individually does

3  not exceed the sum or value of $75,000.

4

5                          **THE CALIFORNIA CLASS**

6       21.     PLAINTIFF brings the First Cause of Action for Unfair, Unlawful and

7  Deceptive Business Practices pursuant to Cal. Bus. & Prof. Code §§ 17200, *et seq.* (the

8  "UCL") as a Class Action, pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), on behalf

9  of a California class, defined as all individuals who worked for DEFENDANT in

10 California as Delivery Drivers and who were classified as independent contractors (the

11 "CALIFORNIA CLASS") at any time during the period beginning four (4) years prior

12 to the filing of this Complaint and ending on the date as determined by the Court (the

13 "CALIFORNIA CLASS PERIOD").  The amount in controversy for the aggregate claim

14 of CALIFORNIA CLASS Members is under five million dollars ($5,000,000.00).

15      22.     To the extent equitable tolling operates to toll claims by the CALIFORNIA

16 CLASS against DEFENDANT, the CALIFORNIA CLASS PERIOD should be adjusted

17 accordingly.

18      23.     All CALIFORNIA CLASS Members who performed and continue to

19 perform this work for DEFENDANT during the CALIFORNIA CLASS PERIOD are

20 similarly situated in that they are subject to DEFENDANT's uniform policy and

21 systematic practice that requires them to perform work without compensation as required

22 by law.

23      24.     DEFENDANT, as a matter of corporate, policy, practice and procedure, and

24 in violation of the applicable California Labor Code, Industrial Welfare Commission

25 ("IWC") Wage Order requirements, and the applicable provisions of California law,

26 intentionally, knowingly and willfully engages in a practice whereby DEFENDANT

27 unfairly, unlawfully and deceptively instituted a practice to ensure that all individuals

28 employed as independent contractors are not properly classified as non-exempt

1  employees from the requirements of California Labor Code §§ 510, *et seq*.

2  25.  During the CALIFORNIA CLASS PERIOD, DEFENDANT uniformly

3  violated the rights of the PLAINTIFF and the CALIFORNIA CLASS Members under

4  California law, without limitation, in the following manners:

5  (a)  Violating the California Unfair Competition laws, Cal. Bus. & Prof.

6  Code §§ 17200, *et seq*. the ("UCL"), in that DEFENDANT, while

7  acting as employer, devised and implemented a scheme whereby

8  PLAINTIFF and the CALIFORNIA CLASS Members are forced to

9  unlawfully, unfairly and deceptively shoulder the cost of

10  DEFENDANT's wages for all unpaid wages, business related

11  expenses, and DEFENDANT's share of employment taxes, social

12  security taxes, unemployment insurance and workers' compensation

13  insurance;

14  (b)  Violating the California Unfair Competition laws, Cal. Bus. & Prof.

15  Code §§ 17200, *et seq*. the ("UCL"), by unlawfully, unfairly and/or

16  deceptively having in place company policies, practices and

17  procedures that uniformly misclassified PLAINTIFF and the

18  CALIFORNIA CLASS Members as independent contractors;

19  (c)  Violating the California Unfair Competition laws, Cal. Bus. & Prof.

20  Code §§ 17200, *et seq*. the ("UCL"), by unlawfully, unfairly and/or

21  deceptively failing to have in place a company policy, practice and

22  procedure that accurately determined the amount of working time

23  spent by PLAINTIFF and the CALIFORNIA CLASS Members

24  performing non-exempt employee labor;

25  (d)  Violating the California Unfair Competition laws, Cal. Bus. & Prof.

26  Code §§ 17200, *et seq*. the ("UCL"), by failing to provide

27  PLAINTIFF and the other members of the CALIFORNIA CLASS

28  with all legally required  meal and rest breaks;

(e)     Violating the California Unfair Competition laws, Cal. Bus. & Prof. Code §§ 17200, *et seq*. the ("UCL") by violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties; and,

(f)     Committing an act of unfair competition in violation of the UCL, by violating Cal. Lab. Code §§ 510, *et seq*., by failing to pay the correct overtime pay to PLAINTIFF and the members of the CALIFORNIA CLASS who are improperly classified as exempt, and retaining the unpaid overtime to the benefit of DEFENDANT.

26.     As a result of DEFENDANT's uniform policies, practices and procedures, there are numerous questions of law and fact common to all CALIFORNIA CLASS Members who worked for during the CALIFORNIA CLASS PERIOD. These questions include, but are not limited, to the following:

(a)     Whether PLAINTIFF and other CALIFORNIA CLASS Members are misclassified as independent contractors by DEFENDANT;

(b)     Whether the PLAINTIFF and the CALIFORNIA CLASS Members are  afforded all the protections of the California Labor Code that apply when properly classified as non-exempt employees;

(c)     Whether DEFENDANT's policies, practices and pattern of conduct described in this Complaint was and is unlawful;

(d)     Whether DEFENDANT unlawfully fails to pay their share of state and federal employment taxes as required by state and federal tax laws;

(e)     Whether DEFENDANT's policy, practice and procedure of classifying the CALIFORNIA CLASS Members as independent contractors exempt from hourly wages laws for all time worked and failing to pay the CALIFORNIA CLASS Members all amounts due

13

violates applicable provisions of California State law;

(f)    Whether DEFENDANT unlawfully fails to keep and furnish the CALIFORNIA CLASS Members with accurate records of all time worked;

(g)    Whether DEFENDANT has engaged in unfair competition by the above-listed conduct; and,

(h)    Whether DEFENDANT's conduct was willful.

27.    This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    The persons who comprise the CALIFORNIA CLASS are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA CLASS and will apply uniformly to every CALIFORNIA CLASS Member;

(c)    The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA CLASS.  PLAINTIFF, like all the CALIFORNIA CLASS Members, was classified as an independent contractor upon hiring based on the defined corporate policies and practices and labors under DEFENDANT's systematic procedure that failed to properly classify the PLAINTIFF and the CALIFORNIA CLASS Members.  PLAINTIFF sustained economic injury as a result of DEFENDANT's employment practices.  PLAINTIFF and the CALIFORNIA CLASS Members were and are similarly or identically harmed by the same unlawful, unfair, deceptive and persuasive pattern of misconduct engaged in by DEFENDANT by deceptively telling all the CALIFORNIA CLASS Members that they were not entitled to minimum wages, the employer's share of payment of payroll taxes and mandatory insurance, and reimbursement for business expenses based on the defined corporate policies and practices, and unfairly failed to pay these employees who were improperly classified as

14

1   independent contractors; and,

2           (d)     The representative PLAINTIFF will fairly and adequately represent

3   and protect the interest of the CALIFORNIA CLASS, and has retained counsel who is

4   competent and experienced in Class Action litigation.  There are no material conflicts

5   between the claims of the representative PLAINTIFF and the CALIFORNIA CLASS

6   Members that would make class certification inappropriate.  Counsel for the

7   CALIFORNIA CLASS will vigorously assert the claims of all employees in the

8   CALIFORNIA CLASS.

9           28.     In addition to meeting the statutory prerequisites to a Class Action, this

10  Action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2)

11  and/or (3), in that:

12          (a)     Without class certification and determination of declaratory,

13  injunctive, statutory and other legal questions within the class format, prosecution of

14  separate actions by individual members of the CALIFORNIA CLASS will create the risk

15  of:

16          (i)     Inconsistent or varying adjudications with respect to individual

17  members of the CALIFORNIA CLASS which would establish incompatible standards

18  of conduct for the parties opposing the CALIFORNIA CLASS; and/or,

19          (ii)    Adjudication with respect to individual members of the

20  CALIFORNIA CLASS which would as a practical matter be dispositive of the interests

21  of the other members not party to the adjudication or substantially impair or impeded

22  their ability to protect their interests.

23          (b)     The parties opposing the CALIFORNIA CLASS have acted on

24  grounds generally applicable to the CALIFORNIA CLASS making appropriate

25  class-wide relief with respect to the CALIFORNIA CLASS as a whole in that

26  DEFENDANT uniformly classified and treated the CALIFORNIA CLASS Members as

27  independent contractors and, thereafter, uniformly failed to take proper steps to

28  determine whether the CALIFORNIA CLASS Members were properly classified as

independent contractors, and thereby denied these employees wages and payments for business expenses and the employer's share of payroll taxes and mandatory insurance as required by law.

(i)     With respect to the First Cause of Action, the final relief on behalf of the CALIFORNIA CLASS sought does not relate exclusively to restitution because through this claim the PLAINTIFF seeks declaratory relief holding that DEFENDANT's policies and practices constitute unfair competition, along with incidental equitable relief as may be necessary to remedy the conduct declared to constitute unfair competition.

(c)     Common questions of law and fact exist as to members of the CALIFORNIA CLASS with respect to the practices and violations of California and federal law as listed above, and predominate over any question affecting only individual members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

(i)     The interest of the CALIFORNIA CLASS Members in individually controlling the prosecution or defense of separate actions;

(ii)     The extent and nature of any litigation concerning the controversy already commenced by or against members of the CALIFORNIA CLASS;

(iii)     In the context of wage litigation because as a practical matter a substantial number of individual CALIFORNIA CLASS members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative;

(iv)     The desirability or undesirability of concentration the litigation of the claims in the particular forum;

(v)     The difficulties likely to be encountered in the management of a Class Action; and,

(vi)     The basis of DEFENDANT's policies and practices uniformly

16

applied to all the CALIFORNIA CLASS Members.

29.    The Court should permit this Action to be maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

(a)    The questions of law and fact common to the CALIFORNIA CLASS predominate over any question affecting only individual members;

(b)    A Class Action is superior to any other available method for the fair and efficient adjudication of the claims of the members of the CALIFORNIA CLASS;

(c)    The CALIFORNIA CLASS Members are so numerous that it is impractical to bring all CALIFORNIA CLASS Members before the Court;

(d)    PLAINTIFF, and the CALIFORNIA CLASS Members, will not be able to obtain effective and economic legal redress unless the action is maintained as a Class Action;

(e)    There is a community of interest in obtaining appropriate legal and equitable relief for the acts of unfair competition, statutory violations and other improprieties, and in obtaining adequate compensation for the damages and injuries which DEFENDANT's actions have inflicted upon the CALIFORNIA CLASS;

(f)    There is a community of interest in ensuring that the combined assets and available insurance of DEFENDANT are sufficient to adequately compensate the CALIFORNIA CLASS Members for any injuries sustained;

(g)    DEFENDANT has acted or has refused to act on grounds generally applicable to the CALIFORNIA CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a whole;

(h)    The members of the CALIFORNIA CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA CLASS consists of all DEFENDANT's Delivery Drivers in California classified as independent contractors during the CALIFORNIA CLASS PERIOD and subjected to DEFENDANT's policies, practices and procedures as herein alleged; and,

(i)    Class treatment provides manageable judicial treatment calculated to

17

bring an efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of DEFENDANT's conduct as to the CALIFORNIA CLASS Members.

30.    DEFENDANT maintains records from which the Court can ascertain and identify by name and job title, each of DEFENDANT's employees who have been systematically, intentionally and uniformly subjected to DEFENDANT's corporate policies, practices and procedures as herein alleged.  PLAINTIFF will seek leave to amend the complaint to include any additional job titles of similarly situated employees when they have been identified.

## THE CALIFORNIA LABOR SUB-CLASS

31.    PLAINTIFF further brings the Second, Third, Fourth and Fifth Causes of Action on behalf of a California sub-class, defined as all members of the CALIFORNIA CLASS who are or previously were employed by DEFENDANT in California as Delivery Drivers and who were classified as Independent Contractors (the "CALIFORNIA LABOR SUB-CLASS") at any time during the period three (3) years prior to the filing of the Complaint and ending on the date as determined by the Court (the "CALIFORNIA LABOR SUB-CLASS PERIOD") pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).    The amount in controversy for the aggregate claim of CALIFORNIA LABOR SUB-CLASS Members is under five million dollars ($5,000,000.00).

32.    DEFENDANT, as a matter of corporate policy, practice and procedure, and in violation of the applicable California Labor Code ("Labor Code"), and Industrial Welfare Commission ("IWC") Wage Order requirements intentionally, knowingly, and wilfully, on the basis of job title alone and without regard to the actual overall requirements of the job, systematically classified  PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS as independent contractors in order to avoid the payment of all wages, and in order to avoid the obligations under the applicable

18

California Labor Code provisions.  To the extent equitable tolling operates to toll claims by the CALIFORNIA LABOR SUB-CLASS against DEFENDANT, the CALIFORNIA LABOR SUB-CLASS PERIOD should be adjusted accordingly.

33.    DEFENDANT maintains records from which the Court can ascertain and identify by job title each of DEFENDANT's employees who as CALIFORNIA LABOR SUB-CLASS Members have been systematically, intentionally and uniformly misclassified as independent contractors as a matter of DEFENDANT's corporate policy, practices and procedures.  PLAINTIFF will seek leave to amend the complaint to include these additional job titles when they have been identified.

34.    The CALIFORNIA LABOR SUB-CLASS is so numerous that joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable.

35.    DEFENDANT, as a matter of corporate policy, practice and procedure, erroneously classified all Delivery Drivers as independent contractors making these employees  exempt from California labor laws.  All Delivery Drivers, including PLAINTIFF, perform the same finite set of tasks and are paid by DEFENDANT according to uniform and systematic company procedures, which, as alleged herein above, fails to correctly pay minimum wage compensation.  This business practice was uniformly applied to each and every member of the CALIFORNIA LABOR SUB-CLASS, and therefore, the propriety of this conduct can be adjudicated on a class-wide basis.

36.    DEFENDANT violated the rights of the CALIFORNIA LABOR SUB-CLASS under California law by:

(a)    Violating Cal. Lab. Code §§ 1194, 1197 & 1197.1 *et seq.*, by misclassifying and thereby failing to pay PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS the correct minimum wages for which DEFENDANT is liable;

(b)    Violating Cal. Lab. Code §§ 510, *et seq.*, by misclassifying and thereby failing to pay PLAINTIFF and the members of the

19

CALIFORNIA LABOR SUB-CLASS the correct overtime pay for a workday longer than eight (8) hours and/or a workweek longer than forty (40) hours for which DEFENDANT is liable pursuant to Cal. Lab. Code § 1194;

(c)  Violating Cal. Lab. Code § 226 by failing to provide PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS who are improperly classified as independent contractors with an accurate itemized statement in writing showing the gross wages earned, the net wages earned, all applicable hourly rates in effect during the pay period and the corresponding amount of time worked at each hourly rate by the employee; and,

(d)  Violating Cal. Lab. Code § 2802 by failing to reimburse PLAINTIFF and the CALIFORNIA CLASS members with necessary expenses incurred in the discharge of their job duties.

37.  This Class Action meets the statutory prerequisites for the maintenance of a Class Action as set forth in Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)  The persons who comprise the CALIFORNIA LABOR SUB-CLASS are so numerous that the joinder of all CALIFORNIA LABOR SUB-CLASS Members is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)  Nearly all factual, legal, statutory, declaratory and injunctive relief issues that are raised in this Complaint are common to the CALIFORNIA LABOR SUB-CLASS and will apply uniformly to every member of the CALIFORNIA LABOR SUB-CLASS;

(c)  The claims of the representative PLAINTIFF are typical of the claims of each member of the CALIFORNIA LABOR SUB-CLASS. PLAINTIFF, like all other members of the CALIFORNIA LABOR SUB-CLASS is improperly classified as an independent contractor

20

and was thus denied minimum wage pay and meal and rest breaks, among other things, as a result of DEFENDANT's systematic classification practices. PLAINTIFF and all other members of the CALIFORNIA LABOR SUB-CLASS sustained economic injuries arising from DEFENDANT's violations of the laws of California; and,

(d)    The representative PLAINTIFF will fairly and adequately represent and protect the interest of the CALIFORNIA LABOR SUB-CLASS, and has retained counsel who are competent and experienced in Class Action litigation. There are no material conflicts between the claims of the representative PLAINTIFF and the members of the CALIFORNIA LABOR SUB-CLASS that would make class certification inappropriate. Counsel for the CALIFORNIA LABOR SUB-CLASS will vigorously assert the claims of all CALIFORNIA LABOR SUB-CLASS Members.

38.    In addition to meeting the statutory prerequisites to a Class Action, this action is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3), in that:

(a)    Without class certification and determination of declaratory, injunctive, statutory and other legal questions within the class format, prosecution of separate actions by individual members of the CALIFORNIA LABOR SUB-CLASS will create the risk of:

1)    Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS which would establish incompatible standards of conduct for the parties opposing the CALIFORNIA LABOR SUB-CLASS; or,

2)    Adjudication with respect to individual members of the

21

CALIFORNIA LABOR SUB-CLASS which would as a practical matter be dispositive of interests of the other members not party to the adjudication or substantially impair or impede their ability to protect their interests.

(b)     The parties opposing the CALIFORNIA LABOR SUB-CLASS have acted or refused to act on grounds generally applicable to the CALIFORNIA LABOR SUB-CLASS, making appropriate class-wide relief with respect to the CALIFORNIA LABOR SUB-CLASS as a whole in that the DEFENDANT uniformly classified and treated the members of the CALIFORNIA LABOR SUB-CLASS as independent contractors and, thereafter, uniformly failed to take proper steps to determine whether the CALIFORNIA LABOR SUB-CLASS Members were properly classified as independent contractors, and thereby denied these employees the protections afforded to them under the California Labor Code;

(c)     Common questions of law and fact predominate as to the members of the CALIFORNIA LABOR SUB-CLASS, with respect to the practices and violations of California law as listed above, and predominate over any question affecting only individual CALIFORNIA LABOR SUB-CLASS Members, and a Class Action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

1)      The interests of the members of the CALIFORNIA LABOR SUB-CLASS in individually controlling the prosecution or defense of separate actions in that the substantial expense of individual actions will be avoided to recover the relatively small amount of economic losses sustained by the individual CALIFORNIA LABOR SUB-CLASS Members when

22

compared to the substantial expense and burden of individual prosecution of this litigation;

2) Class certification will obviate the need for unduly duplicative litigation that would create the risk of:

A. Inconsistent or varying adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS, which would establish incompatible standards of conduct for the DEFENDANT; and/or,

B. Adjudications with respect to individual members of the CALIFORNIA LABOR SUB-CLASS would as a practical matter be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests;

3) In the context of wage litigation because a substantial number of individual CALIFORNIA LABOR SUB-CLASS Members will avoid asserting their legal rights out of fear of retaliation by DEFENDANT, which may adversely affect an individual's job with DEFENDANT or with a subsequent employer, the Class Action is the only means to assert their claims through a representative; and,

4) A class action is superior to other available methods for the fair and efficient adjudication of this litigation because class treatment will obviate the need for unduly and unnecessary duplicative litigation that is likely to result in the absence of certification of this action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

39. This Court should permit this action to be maintained as a Class Action

1   pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3) because:

2       (a)   The questions of law and fact common to the CALIFORNIA
3              LABOR SUB-CLASS predominate over any question affecting only
4              individual CALIFORNIA LABOR SUB-CLASS Members;

5       (b)   A Class Action is superior to any other available method for the fair
6              and efficient adjudication of the claims of the members of the
7              CALIFORNIA LABOR SUB-CLASS because in the context of
8              employment litigation a substantial number of individual
9              CALIFORNIA LABOR SUB-CLASS Members will avoid asserting
10             their rights individually out of fear of retaliation or adverse impact
11             on their employment;

12      (c)   The members of the CALIFORNIA LABOR SUB-CLASS are so
13             numerous that it is impractical to bring all members of the
14             CALIFORNIA LABOR SUB-CLASS before the Court;

15      (d)   PLAINTIFF, and the other CALIFORNIA LABOR SUB-CLASS
16             Members, will not be able to obtain effective and economic legal
17             redress unless the action is maintained as a Class Action;

18      (e)   There is a community of interest in obtaining appropriate legal and
19             equitable relief for the acts of unfair competition, statutory violations
20             and other improprieties, and in obtaining adequate compensation for
21             the damages and injuries which DEFENDANT's actions have
22             inflicted upon the CALIFORNIA LABOR SUB-CLASS;

23      (f)   There is a community of interest in ensuring that the combined assets
24             of DEFENDANT are sufficient to adequately compensate the
25             members of the CALIFORNIA LABOR SUB-CLASS for the
26             injuries sustained;

27      (g)   DEFENDANT has acted or refused to act on grounds generally
28             applicable to the CALIFORNIA LABOR SUB-CLASS, thereby

24

making final class-wide relief appropriate with respect to the CALIFORNIA LABOR SUB-CLASS as a whole;

(h)   The members of the CALIFORNIA LABOR SUB-CLASS are readily ascertainable from the business records of DEFENDANT. The CALIFORNIA LABOR SUB-CLASS consists of all CALIFORNIA CLASS Members who are or previously were employed by DEFENDANT in California as Delivery Drivers and classified as independent contractors during the CALIFORNIA LABOR SUB-CLASS PERIOD; and,

(i)   Class treatment provides manageable judicial treatment calculated to bring a efficient and rapid conclusion to all litigation of all wage and hour related claims arising out of the conduct of DEFENDANT.

## JURISDICTION AND VENUE

40.   This Action is brought as a Class Action on behalf of similarly situated employees of DEFENDANT pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3).

41.   Venue is proper in this Court and judicial district pursuant to 28 U.S.C. § 1391 because (i) DEFENDANT conducts and conducted substantial business within this judicial district and maintains offices in this judicial district, (ii) the causes of action alleged herein arise in whole or in part in this judicial district, and (iii) DEFENDANT committed wrongful conduct against members of this class in this district. Venue is also proper in this district because the complaint was initially filed in the Superior Court of California, County of San Diego, but was later removed by DEFENDANT to this Court.

**FIRST CAUSE OF ACTION**

**For Unlawful, Unfair and Deceptive Business Practices**

**[Cal. Bus. & Prof. Code §§ 17200,** *et seq***.]**

**(By PLAINTIFF and the CLASS and Against All Defendants)**

42.    PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

43.    DEFENDANT is a "person" as that term is defined under Cal. Bus. & Prof. Code § 17021.

44.    Section 17200 of the California Business & Professions Code defines unfair competition as any unlawful, unfair or fraudulent business act or practice.  Section 17200 applies to violations of labor laws in the employment context.  Section 17203 authorizes injunctive, declaratory and/or other equitable relief with respect to unfair competition as follows:

> Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.  The court may take such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition, as defined in this chapter, or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition.

California Business & Professions Code § 17203.

45.    By the conduct alleged herein, DEFENDANT has engaged and continues to engage in a business practice which violates California law, including but not limited to the applicable Industrial Wage Orders, the California Labor Code including Sections 204, 221, 226.7, 226.8, 510, 512, 1194, 1197, 1197.1, 1198, & 2802, and California Code of Regulations § 11090, for which this Court should issue declaratory, injunctive, and other equitable relief, pursuant to Cal. Bus. & Prof § 17203, as may be necessary to prevent and remedy the conduct held to constitute unfair competition, including restitution of wages wrongfully withheld, business expenses wrongfully withheld and

1    for the payment of the employer's share of income taxes, social security taxes,

2    unemployment insurance and workers' compensation insurance.

3        46.    By the conduct alleged herein DEFENDANT has obtained valuable

4    property, money, and services from PLAINTIFF, and the other members of the

5    CALIFORNIA CLASS, and has deprived them of valuable rights and benefits

6    guaranteed by law, all to their detriment and to the benefit of DEFENDANT so as to

7    allow DEFENDANT to unfairly compete.  Declaratory and injunctive relief is necessary

8    to prevent and remedy this unfair competition, and pecuniary compensation alone would

9    not afford adequate and complete relief.

10        47.    All the acts described herein as violations of, among other things, the

11    California Labor Code, California Code of Regulations and the Industrial Welfare

12    Commission Wage Orders, were unlawful, are in violation of public policy, are immoral,

13    unethical, oppressive, and unscrupulous, and are likely to deceive employees, and

14    thereby constitute deceptive, unfair and unlawful business practices in violation of Cal.

15    Bus. and Prof. Code §§ 17200, *et seq.*

16        48.    By the conduct alleged herein, DEFENDANT's practices are deceptive and

17    fraudulent in that DEFENDANT's uniform policy and practice is to represent to the

18    CALIFORNIA CLASS Members that they are not entitled to overtime and minimum

19    wages, payment for payroll taxes or mandatory insurance and other benefits as required

20    by California law, when in fact these representations are false and likely to deceive and

21    for which this Court should issue injunctive and equitable relief, pursuant to Cal. Bus.

22    & Prof. Code § 17203, including restitution of wages wrongfully withheld.

23        49.    By the conduct alleged herein, DEFENDANT's practices are also unlawful,

24    unfair and deceptive in that DEFENDANT's employment practices caused PLAINTIFF

25    and the other members of the CALIFORNIA CLASS to be underpaid during their

26    employment with DEFENDANT.

27        50.    PLAINTIFF and the other members of the CALIFORNIA CLASS are

28    entitled to, and do, seek such relief as may be necessary to restore to them the money and

property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices, including earned but unpaid wages for all time worked.

51.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

52.     By the conduct alleged herein, DEFENDANT's practices are also unlawful, unfair and deceptive in that DEFENDANT's uniform policies, practices and procedures fail to provide all legally required meal and rest breaks to PLAINTIFF and the other members of the CALIFORNIA CLASS as required by Cal. Lab. Code §§ 226.7 and 512.

53.     Therefore, PLAINTIFF demands on behalf of herself and on behalf of each CALIFORNIA CLASS member, minimum wages, payment for the employer's share of payroll taxes and mandatory insurance, and one (1) hour of pay for each workday in which an off-duty meal period was not timely provided for each five (5) hours of work, and/or one (1) hour of pay for each workday in which a second off-duty meal period was not timely provided for each ten (10) hours of work.

54.     PLAINTIFF further demands on behalf of herself and each member of the CALIFORNIA LABOR SUB-CLASS, one (1) hour of pay for each workday in which a rest period was not timely provided as required by law.

55.     By and through the unlawful and unfair business practices described herein, DEFENDANT has obtained valuable property, money and services from PLAINTIFF and the other members of the CALIFORNIA CLASS, including earned wages for all time worked and has deprived them of valuable rights and benefits guaranteed by law and contract, all to the detriment of these employees and to the benefit of DEFENDANT so as to allow DEFENDANT to unfairly compete against competitors who comply with the law.

56.     All the acts described herein as violations of, among other things, the Industrial Welfare Commission Wage Orders, the California Code of Regulations, and the California Labor Code, are unlawful and in violation of public policy, are immoral, unethical, oppressive and unscrupulous, are deceptive, and thereby constitute unlawful, unfair and deceptive business practices in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*

57.     PLAINTIFF and the other members of the CALIFORNIA CLASS are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANT has acquired, or of which PLAINTIFF and the other members of the CALIFORNIA CLASS have been deprived, by means of the above described unlawful and unfair business practices.

58.     PLAINTIFF and the other members of the CALIFORNIA CLASS are further entitled to, and do, seek a declaration that the described business practices are unlawful, unfair and deceptive, and that injunctive relief should be issued restraining DEFENDANT from engaging in any unlawful and unfair business practices in the future.

59.     PLAINTIFF and the other members of the CALIFORNIA CLASS have no plain, speedy and/or adequate remedy at law that will end the unlawful and unfair business practices of DEFENDANT.  Further, the practices herein alleged presently continue to occur unabated.  As a result of the unlawful and unfair business practices described herein, PLAINTIFF and the other members of the CALIFORNIA CLASS have suffered and will continue to suffer irreparable legal and economic harm unless DEFENDANT is restrained from continuing to engage in these unlawful and unfair business practices.

FIRST AMENDED CLASS ACTION COMPLAINT

### SECOND CAUSE OF ACTION

**For Failure To Pay Minimum Wages**

**[Cal. Lab. Code §§ 1194, 1197 and 1197.1]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS**

**and Against All Defendants)**

60.     PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

61.     PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS bring a claim for DEFENDANT's willful and intentional violations of the California Labor Code and the Industrial Welfare Commission requirements for DEFENDANT's failure to accurately calculate and pay minimum wages to PLAINTIFF and CALIFORNIA CLASS Members.

62.     Pursuant to Cal. Lab. Code § 204, other applicable laws and regulations, and public policy, an employer must timely pay its employees for all hours worked.

63.     Cal. Lab. Code  § 1197 provides the minimum wage for employees fixed by the commission is the minimum wage to be paid to employees, and the payment of a less wage than the minimum so fixed in unlawful.

64.     Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid wages, including minimum wage compensation and interest thereon, together with the costs of suit.

65.     DEFENDANT maintained a uniform wage practice of paying PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS without regard to the correct amount of time they worked.  As set forth herein, DEFENDANT's uniform policy and practice is to unlawfully and intentionally deny timely payment of wages due to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS.

66.     DEFENDANT's uniform pattern of unlawful wage and hour practices manifested, without limitation, applicable to the CALIFORNIA LABOR SUB-CLASS

as a whole, as a result of implementing a uniform policy and practice that denied accurate compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS in regards to minimum wage pay.

67. In committing these violations of the California Labor Code, DEFENDANT inaccurately calculates the correct time worked and consequently underpays the actual time worked by PLAINTIFF and other members of the CALIFORNIA LABOR SUB-CLASS. DEFENDANT acted in an illegal attempt to avoid the payment of all earned wages, and other benefits in violation of the California Labor Code, the Industrial Welfare Commission requirements and other applicable laws and regulations.

68. As a direct result of DEFENDANT's unlawful wage practices as alleged herein, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS do not receive the correct minimum wage compensation for their time worked for DEFENDANT.

69. During the CALIFORNIA LABOR SUB-CLASS PERIOD, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are paid less for time worked that they are entitled to, constituting a failure to pay all earned wages.

70. By virtue of DEFENDANT's unlawful failure to accurately pay all earned compensation to PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS for the true time they worked, PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS have suffered and will continue to suffer an economic injury in amounts which are presently unknown to them and which will be ascertained according to proof at trial.

71. DEFENDANT knew or should have known that PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS are under compensated for their time worked. DEFENDANT systematically elected, either through intentional malfeasance or gross nonfeasance, to not pay PLAINTIFF and other CALIFORNIA LABOR SUB-CLASS Members for their labor as a matter of uniform company policy, practice and procedure, and DEFENDANT perpetrated this systematic scheme by

31

1  refusing to pay PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

2  CLASS the correct minimum wages for their time worked.

3      72.    In performing the acts and practices herein alleged in violation of California

4  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR

5  SUB-CLASS for all time worked and provide them with the requisite compensation,

6  DEFENDANT acted and continues to act intentionally, oppressively, and maliciously

7  toward PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-CLASS

8  with a conscious of and utter disregard for their legal rights, or the consequences to them,

9  and with the despicable intent of depriving them of their property and legal rights, and

10  otherwise causing them injury in order to increase company profits at the expense of

11  these employees.

12      73.    PLAINTIFF and the other members of the CALIFORNIA LABOR SUB-

13  CLASS therefore request recovery of all unpaid wages, according to proof, interest,

14  statutory costs, as well as the assessment of any statutory penalties against

15  DEFENDANT, in a sum as provided by the California Labor Code and/or other

16  applicable statutes.  To the extent minimum wage compensation is determined to be

17  owed to the CALIFORNIA LABOR SUB-CLASS Members who have terminated their

18  employment, DEFENDANT's conduct also violates Labor Code §§ 201 and/or 202, and

19  therefore these individuals are also be entitled to waiting time penalties under Cal. Lab.

20  Code § 203, which penalties are sought herein on behalf of these CALIFORNIA LABOR

21  SUB-CLASS Members.  DEFENDANT's conduct as alleged herein was willful,

22  intentional and not in good faith.  Further, PLAINTIFF and other CALIFORNIA

23  LABOR SUB-CLASS Members are entitled to seek and recover statutory costs.

24

25

26

27

28

### THIRD  CAUSE OF ACTION

**For Failure To Pay Overtime Wages**

**[Cal. Lab. Code §§ 510, 1194, & 1198]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

74.    PLAINTIFF and the CALIFORNIA CLASS Members reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

75.    During the CALIFORNIA LABOR SUB-CLASS PERIOD, DEFENDANT failed to pay PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members overtime wages for the time they worked in excess of the maximum hours permissible by law as required by Cal. Lab. Code §§ 510 & 1198, even though PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS Members were regularly required to work, and did in fact work, overtime that DEFENDANT never recorded as evidenced by DEFENDANT's business records and witnessed by DEFENDANT's employees.

76.    By virtue of DEFENDANT's unlawful failure to pay compensation to PLAINTIFF and the CALIFORNIA CLASS Members for all overtime worked by these employees, PLAINTIFF and CALIFORNIA CLASS Members have suffered, and will continue to suffer, an economic in amounts which are presently unknown to them and which can be ascertained according to proof at trial.

77.    DEFENDANT knew or should have known that PLAINTIFF and the CALIFORNIA CLASS Members are misclassified as independent contractors and DEFENDANT's systematically elected, either through intentional malfeasance or gross nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice and procedure.

78.    PLAINTIFF and the CALIFORNIA CLASS Members therefore request recovery of all compensation according to proof, interest, costs, as well as the assessment of any statutory penalties against DEFENDANT in a sum as provided by the California

1  Labor Code and/or other statutes.  To the extent overtime compensation is determined

2  to be owed to the CALIFORNIA CLASS Members who have terminated their

3  employment, these employees would also be entitled to waiting time penalties under Cal.

4  Lab. Code § 203, which penalties are sought herein.  Further, PLAINTIFF and the

5  CALIFORNIA LABOR SUB-CLASS Members are entitled to seek and recover statutory

6  costs.

7       79.    In performing the acts and practices herein alleged in violation of California

8  labor laws, and refusing to compensate the members of the CALIFORNIA LABOR

9  SUB-CLASS for all overtime worked and provide them with the requisite overtime

10  compensation, DEFENDANT acted and continues to act intentionally, oppressively, and

11  maliciously toward PLAINTIFF and the other members of the CALIFORNIA LABOR

12  SUB-CLASS with a conscious of and utter disregard for their legal rights, or the

13  consequences to them, and with the despicable intent of depriving them of their property

14  and legal rights, and otherwise causing them injury in order to increase corporate profits

15  at the expense of these employees.

16

17  **FOURTH CAUSE OF ACTION**

18  **For Failure to Provide Accurate Itemized Statements**

19  **[Cal. Lab. Code § 226]**

20  **(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All**

21  **Defendants)**

22       80.    PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-

23  CLASS, reallege and incorporate by this reference, as though fully set forth herein,  the

24  prior of this Complaint.

25       81.    Cal. Labor Code § 226 provides that an employer must furnish employees

26  with an "accurate itemized statement in writing showing:

27       (1) gross wages earned,

28       (2) total hours worked by the employee, except for any employee whose

34

compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3) the number of piecerate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5) net wages earned,

(6) the inclusive dates of the period for which the employee is paid,

(7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8) the name and address of the legal entity that is the employer, and

(9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

82.     From time to time, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed and continues to fail to properly and accurately itemize the amount of time worked by PLAINTIFF, and the other members of the  CALIFORNIA LABOR SUB-CLASS at the effective rates of pay.  DEFENDANT also violated Labor Code Section 226 in that DEFENDANT fails to properly and accurately itemize the amount of penalties paid to PLAINTIFF and other CALIFORNIA LABOR-SUB CLASS Members when they miss their meal and rest breaks.  Aside from the violations listed above in this paragraph, DEFENDANT fails to issue PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code §226 *et. seq*.

83.     DEFENDANT knowingly and intentionally fails to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS.  These damages include, but are not limited to,

costs expended calculating the true amount of time worked and the amount of employment taxes which were not properly paid to state and federal tax authorities. These damages are difficult to estimate. Therefore, PLAINTIFF, and the other members of the CALIFORNIA LABOR SUB-CLASS elect to recover liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226, in an amount according to proof at the time of trial (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CALIFORNIA LABOR SUB-CLASS herein).

### FIFTH CAUSE OF ACTION

**For Failure to Reimburse Employees for Required Expenses**

**[Cal. Lab. Code § 2802]**

**(By PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS and Against All Defendants)**

84.     PLAINTIFF and the other CALIFORNIA LABOR SUB-CLASS members reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 79 of this Complaint.

85.     Cal. Lab. Code § 2802 provides, in relevant part, that:

> An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful.

86.     At all relevant times herein, DEFENDANT violated Cal. Lab. Code § 2802, by failing to indemnify and reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for required expenses incurred in the discharge of their job duties for DEFENDANT's benefit. Specifically, DEFENDANT fails to reimburse PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for expenses which include, but are not limited to, the cost associated with the use of their personal cellular phones for

1   DEFENDANT's benefit.  In order to work as a Deliver Driver for DEFENDANT,

2   PLAINTIFF and other CALIFORNIA CLASS Members are required to use

3   DEFENDANT's mobile application and as such it is mandatory to have a cell phone that

4   is compatible with DEFENDANT's mobile application.  As a result, in the course of

5   their employment with DEFENDANT, PLAINTIFF and other members of the

6   CALIFORNIA LABOR SUB-CLASS incurred unreimbursed business expenses which

7   include, but are not limited to, the costs related to the use of their personal cellular

8   phones all on behalf of and for the benefit of DEFENDANT.  Further, PLAINTIFF and

9   other CALIFORNIA LABOR SUB-CLASS Members are also not reimbursed or

10  indemnified by DEFENDANT for the cost associated with using their personal vehicles

11  while making deliveries for DEFENDANT.  As a result, in the course of their

12  employment with DEFENDANT PLAINTIFF and other members of the CALIFORNIA

13  CLASS incurred unreimbursed business expenses which include, but are not limited to,

14  costs related to travel all on behalf of and for the benefit of DEFENDANT.  These

15  expenses are necessary to complete their principal job duties. DEFENDANT is estopped

16  by DEFENDANT's conduct to assert any waiver of this expectation.  Although these

17  expenses are necessary expenses incurred by PLAINTIFF and the CALIFORNIA

18  LABOR SUB-CLASS members, DEFENDANT failed to indemnify and reimburse

19  PLAINTIFF and the CALIFORNIA LABOR SUB-CLASS members for these expenses

20  as an employer is required to do under the laws and regulations of California.

21      87.    PLAINTIFF therefore demands reimbursement for expenditures or losses

22  incurred by them and the CALIFORNIA LABOR SUB-CLASS members in the

23  discharge of their  job duties for DEFENDANT, or their obedience to the directions of

24  DEFENDANT, with interest at the statutory rate and costs under Cal. Lab. Code § 2802.

25

26

27

28

## SIXTH CAUSE OF ACTION

### For Violation of the Private Attorneys General Act

### [Cal. Lab. Code §§ 2698, et seq.]

### (By Plaintiff  and Against All Defendants)

88.     Plaintiff incorporates by reference the allegations set forth in paragraphs 1-87, supra, as though fully set forth at this point.

89.     PAGA is a mechanism by which the State of California itself can enforce state labor laws through the employee suing under the PAGA who do so as the proxy or agent of the state's labor law enforcement agencies.  An action to recover civil penalties under PAGA is fundamentally a law enforcement action designed to protect the public and not to benefit private parties.  The purpose of the PAGA is not to recover damages or restitution, but to create a means of "deputizing" citizens as private attorneys general to enforce the Labor Code.  In enacting PAGA, the California Legislature specified that "it was ... in the public interest to allow aggrieved employees, acting as private attorneys general to recover civil penalties for Labor Code violations ..." Stats. 2003, ch. 906, § 1.

90.     Plaintiff , and such persons that may be added from time to time who satisfy the requirements and exhaust the administrative procedures under the Private Attorney General Act,  brings this Representative Action on behalf of the State of California with respect to herself and  all individuals who are or previously were employed by DEFENDANT as Delivery Drivers and classified as independent contractors in California during the time period of August 9, 2016 until the present (the "AGGRIEVED EMPLOYEES").

91.     On August 11, 2017, Plaintiff gave written notice by electronic mail to the Labor and  Workforce Development Agency (the "Agency") and by certified mail to the employer of the specific provisions of this code alleged to have been violated as required by Labor Code § 2699.3.  *See* Exhibit #1, attached hereto and incorporated by this reference herein. The statutory waiting period for Plaintiff to add these allegations to the Complaint has expired.  As a result, pursuant to Section 2699.3, Plaintiff  may now

commence a representative civil action under PAGA pursuant to Section 2699 as the proxy of the State of California with respect to all AGGRIEVED EMPLOYEES as herein defined.

92.    The policies, acts and practices heretofore described were and are an unlawful business act or practice because Defendant (a) failed to properly record and pay Plaintiff and the other AGGRIEVED EMPLOYEES for all of the hours they worked, including overtime hours in violation of the Wage Order, (b) failed to provide accurate itemized wage statements, and (c) failed to timely pay wages, all in violation of the applicable Labor Code sections listed in Labor Code §2699.5, including but not limited to Labor Code §§ 204, 226(a), 226.7, 226.8, 256, 510, 512, 558, 1194, 1197, 1197.1, 1198, 2802  and the applicable Industrial Wage Order(s), and thereby gives rise to statutory penalties as a result of such conduct.  Plaintiff hereby seeks recovery of civil penalties as prescribed by the Labor Code Private Attorney General Act of 2004 as the representative of the State of California for the illegal conduct perpetrated on Plaintiff and the other AGGRIEVED EMPLOYEES.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the CALIFORNIA CLASS:

    A)    That the Court certify the First Cause of Action asserted by the CALIFORNIA CLASS as a class action pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

    B)    An order temporarily, preliminarily and permanently enjoining and restraining DEFENDANT from engaging in similar unlawful conduct as set forth herein;

    C)    An order requiring DEFENDANT to pay minimum wages and all sums unlawfuly withheld from compensation due to PLAINTIFF and the other

1        members of the CALIFORNIA CLASS; and,

2      D)    Restitutionary disgorgement of DEFENDANT's ill-gotten gains into a fluid

3              fund for restitution of the sums incidental to DEFENDANT's violations

4              due to PLAINTIFF and to the other members of the CALIFORNIA

5              CLASS.

6  2.    On behalf of the CALIFORNIA LABOR SUB-CLASS:

7      A)    That the Court certify the Second, Third, Fourth and Fifth Causes of Action

8              asserted by the CALIFORNIA LABOR SUB-CLASS as a class action

9              pursuant to Fed. R. Civ. Proc. 23(b)(2) and/or (3);

10     B)    Compensatory damages, according to proof at trial, including compensation

11            due PLAINTIFF and the other members of the CALIFORNIA LABOR

12            SUB-CLASS, during the applicable CALIFORNIA LABOR SUB-CLASS

13            PERIOD plus interest thereon at the statutory rate;

14     C)    The wages of all terminated individuals in the CALIFORNIA LABOR

15            SUB-CLASS as a penalty from the due date thereof at the same rate until

16            paid or until an action therefore is commenced, in accordance with Cal.

17            Lab. Code § 203;

18     D)    The greater of all actual damages or fifty dollars ($50) for the initial pay

19            period in which a violation occurs and one hundred dollars ($100) per each

20            member of the CALIFORNIA LABOR SUB-CLASS for each violation in

21            a subsequent pay period, not exceeding an aggregate penalty of four

22            thousand dollars ($4,000), and an award of costs for violation of Cal. Lab.

23            Code § 226; and,

24     E)    The amount of the expenses PLAINTIFF and each member of the

25            CALIFORNIA LABOR SUBCLASS incurred in the course of their job

26            duties, plus interest, and costs of suit.

27  3.    On behalf of the State of California and with respect to all AGGRIEVED

28  EMPLOYEES:

1      A)      Recovery of civil penalties as prescribed by the Labor Code Private

2      Attorneys

3              General Act of 2004

4      4.      On all claims:

5      A)      An award of interest, including prejudgment interest at the legal rate;

6      B)      Such other and further relief as the Court deems just and equitable; and,

7      C)      An award of penalties, attorneys' fees and cost of suit, as allowable under

8              the law, including, but not limited to, pursuant to Labor Code §218.5, §226

9              and/or §1194, and/or §2802.

Dated:   October 17, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK
                                   LLP


                                   By: _/s/ Norman Blumenthal_____
                                       Norman B. Blumenthal
                                       Attorneys for Plaintiff

FIRST AMENDED CLASS ACTION COMPLAINT

1

## **DEMAND FOR JURY TRIAL**

2
PLAINTIFF demands a jury trial on issues triable to a jury.

3

4
Dated: October 17, 2017          BLUMENTHAL, NORDREHAUG & BHOWMIK LLP

5

6

By:   */s/ Norman Blumenthal*
7
             Norman B. Blumenthal
             Attorneys for Plaintiff
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28