1
2
3
4
5
6
7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   PERSIS KNIPE,                              Case No. 19-cv-04376-RS
                   Plaintiff,
11
         v.                                     **ORDER REMANDING ACTION**
12
13   AMAZON.COM INC, et al.,
                   Defendants.
14

15

16        The parties were asked to brief the question of whether this action should be remanded to

17   San Diego Superior Court, in the court's discretion, given dismissal of the claims for relief that

18   gave rise to removal jurisdiction under the Class Action Fairness Act ("CAFA"). Defendant

19   Amazon opposes remand, insisting that the propriety of jurisdiction is measured at the time of

20   removal and that post-removal developments do not divest the court of jurisdiction. The issue,

21   however, is not whether jurisdiction technically still exists, but whether it should be exercised over

22   what undeniably is a state law claim, in the absence of the claims that gave rise to removal

23   jurisdiction originally.

24        The remaining claim for relief in this action is brought under the California Private

25   Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq.* ("PAGA"). Jurisdiction over the PAGA

26   claim was and is supplemental to CAFA jurisdiction over the now-dismissed class claims. *See*

27   *Vawter v. United Parcel Serv., Inc.*, No. CV 18-1318-RGK-E, 2018 WL 4677583, at *1 (C.D. Cal.

28   Sept. 26, 2018) (recognizing that where action was removed under CAFA, jurisdiction over

United States District Court
Northern District of California

1    PAGA claim was supplemental to CAFA jurisdiction); *Thompson v. Target Corp.*, No. EDCV16-

2    00839 JGB (MRWx), 2016 WL 4119937, at *12 (C.D. Cal. Aug. 2, 2016) ("[G]iven that the Court

3    finds it has original jurisdiction over Plaintiff's class claims under CAFA, the Court may exercise

4    supplemental jurisdiction over Plaintiff's PAGA claims.").

5        A federal court's exercise of supplemental jurisdiction is governed by 28 U.S.C. § 1367.

6    The court may, in its discretion, decline to exercise supplemental jurisdiction over a state law

7    claim where one or more of the following circumstances exists: "(1) the claim raises a novel or

8    complex issue of State law, (2) the claim substantially predominates over the claim or claims over

9    which the district court has original jurisdiction, (3) the district court has dismissed all claims over

10   which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling

11   reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

12       "[E]xercising discretion and deciding whether to decline, or to retain, supplemental

13   jurisdiction over state law claims when any factor in subdivision (c) is implicated is a

14   responsibility that district courts are duty-bound to take seriously." *Acri v. Varian Assocs., Inc.*,

15   114 F.3d 999, 1001 (9th Cir. 1997). The district court's decision is informed by the "values of

16   economy, convenience, fairness, and comity" articulated by the United States Supreme Court in

17   *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). *Acri*, 114 F.3d at 1001 (internal quotation

18   marks and citation omitted). Where subject matter jurisdiction is based on federal question, the

19   Ninth Circuit has held that "[i]n the usual case in which all federal-law claims are eliminated

20   before trial, the balance of factors to be considered under the pendent jurisdiction doctrine –

21   judicial economy, convenience, fairness, and comity – will point toward declining to exercise

22   jurisdiction over the remaining state-law claims." *Sanford v. MemberWorks, Inc*., 625 F.3d 550,

23   561 (9th Cir. 2010) (internal quotation marks, citation, and alteration omitted). Amazon has not

24   cited any authority suggesting the rule should be different where subject matter jurisdiction is

25   based on the specialized diversity provisions of CAFA, and no principled basis to draw such a

26   distinction is apparent.

27       Amazon's invocation of *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied*

28

United States District Court
Northern District of California

1  *Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087 (9th Cir.

2  2010), and other authorities demonstrating the general principal that post-removal developments

3  do not divest the court of jurisdiction that was proper at the time of removal, is misplaced. *See*

4  *Echevarria v. Aerotek, Inc.*, No. 16-CV-04041-BLF, 2019 WL 2503377, at *6 (N.D. Cal. June 17,

5  2019)("*United Steel* does not address district court's discretion to decline the exercise of

6  supplemental jurisdiction, and thus has no application here. Nor do the cases cited by [defendant]

7  holding that '[t]he well-established general rule is that jurisdiction is determined at the time of

8  removal, and nothing filed after removal affects jurisdiction.'").  As in *Echevarria*, the court had,

9  and has, supplemental jurisdiction over the PAGA claim, and under § 1367(c), there is discretion

10  whether or not to exercise that jurisdiction. For the reasons mentioned above and in *Echevarria*,

11  discretion counsels remand in these circumstances.

12      Finally, it is worth observing that the stated *purpose* of CAFA jurisdiction is to "assure fair

13  and prompt recoveries for class members with legitimate claims; [to] restore the intent of the

14  framers . . . by providing for Federal court consideration of interstate cases of national importance

15  under diversity jurisdiction; and [to] benefit society by encouraging innovation and lowering

16  consumer prices." CAFA § 2, 119 Stat. at 5. The Ninth Circuit has explained that the statute was

17  "designed primarily to curb perceived abuses of the class action device which, in the view of

18  CAFA's proponents, had often been used to litigate multi-state or even national class actions in

19  state courts." *Tanoh v. Dow Chem. Co.*, 561 F.3d 945, 952 (9th Cir. 2009). Whatever force there

20  might be in the abstract to Amazon's argument that a plaintiff generally should not be able to

21  manipulate or evade CAFA jurisdiction, nothing in this remand undermines the purposes of

22  CAFA. Plaintiffs here will *not* be using the class action device in state court—abusively or

23  otherwise. Rather, they will be seeking recovery under PAGA. "PAGA is a purely state law

24  creature, and primary responsibility for developing and applying state law rests with the California

25  courts." *Echevarria*, 2019 WL 2503377, at *5.  This matter is hereby remanded to San Diego

26  Superior Court.

27

28

1    **IT IS SO ORDERED**.

2

3    Dated: January 16, 2020

4

5    RICHARD SEEBORG
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

CASE NO.  19-cv-04376-RS

4